**In The Matter of Joseph J. AMMIRATO, d/b/a Solar Environment, Debtor.**

**Angela Ammirato PERSECHINO, Plaintiff,**

v.

**Joseph AMMIRATO, Defendant.**

**Joseph J. AMMIRATO, Plaintiff,**

v.

**Angela M. AMMIRATO, a/k/a Angela M. Persechino, Autilia Persechino, and Alan B. Silver, Trustee, Defendants.**

**Bankruptcy No. 2–85–00215.**
**Adv. Nos. 2–85–0091, 2–85–0078.**

United States Bankruptcy Court, D. Connecticut.

June 10, 1987.

Martin W. Hoffman, Hartford, Conn., for Joseph Ammirato, debtor.

William A. Conti, Rozbicki & Conti, Torrington, Conn., for Angela Ammirato Persechino.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The question presented in these proceedings is whether several obligations of the debtor to the plaintiff, his former spouse, arising out of the terms of a marriage dissolution decree are nondischargeable because the obligations represent alimony. Both the plaintiff (who remarried during these proceedings and is now known as Angela Vaill) and the debtor brought complaints to determine the same issue. The complaints have been heard jointly, and the following facts were established at hearings which started on April 22, 1986, and concluded on April 9, 1987.

### II.

The debtor and the plaintiff, then aged 25 and 24, respectively, intermarried on June 9, 1979, and separated in the fall of 1982. A decree of the Connecticut Superior Court dissolved their marriage on April 5, 1984, upon a complaint brought by the debtor. The state court apparently did not sign a formal judgment, but placed the following order, based upon an agreement reached by the parties, on the record after the commencement of a contested hearing.[1] After finding that the marriage had broken down irretrievably and that there were no minor children of the marriage, the court ordered the debtor to "hold the [plaintiff] harmless" on obligations of $21,500.00 and $6,000.00 jointly due from the debtor and the plaintiff to the plaintiff's mother, Autilio Persechino. Payments on the $21,500.00 obligation were to be made at the rate of $392.60 monthly by way of payments to Connecticut National Bank (Bank) on a mortgage given to the Bank by Mrs. Persechino. After satisfaction of that debt, the debtor was then to pay the $6,000.00 debt to Mrs. Persechino. Further, the debtor agreed to pay the plaintiff, within one year, $2,500.00, without interest, representing half of what the plaintiff had paid on the mortgage loan after the parties separated. In the event of Mrs. Persechino's death prior to the satisfaction of the mortgage debt, the balance due on that debt was excused, but the $6,000.00 obligation and the $2,500.00 obligation to the plaintiff would become immediately payable. The debtor also was required to carry life insurance on his life to cover the obligations to Mrs. Persechino and the plaintiff. The state court did not describe any of these payments as alimony and did not order that they terminate on the death or marriage of the plaintiff. A certified copy of the court clerk's notes on a court document entitled "Enter Essential Terms of Judgment" show the letters "N/A" placed after the section entitled "Alimony".[2]

At the trial, a transcript of the state court marriage dissolution action was re-

---

1. The agreement was reached after only the debtor had testified.

2. This document, as well as all other documentary evidence hereafter referred to, were intro-

ceived into evidence. That transcript, as well as the testimony at the present hearing, disclosed that at the time of the marriage in 1979, the debtor was a life insurance salesman and the wife an office manager employed by a retail store. The debtor was a high school graduate, and the plaintiff held a certificate from a two-year junior college. In 1980, the debtor decided to start his own solar-heating business. He and the plaintiff asked Mrs. Persechino for financial assistance, which she gave by refinancing the mortgage with the Bank on the home where she, the debtor, and the plaintiff lived. The plaintiff and the debtor orally agreed to repay this loan by making the monthly mortgage installments of $392.57. Thereafter, Mrs. Persechino loaned the parties an additional $6,000.00 for use in the business. After the debtor separated from the plaintiff and left the Persechino home, his business struggled, partly as a result of having inadequate insurance to cover a serious fire loss sustained in 1982.

The plaintiff filed a financial affidavit in the marriage dissolution action disclosing gross wages of $500.00 per week, no assets except for household furnishings and automobiles, and as liabilities, primarily those obligations due her mother. The debtor's financial affidavit showed a weekly draw of $300.00 from his business, business assets valued at $38,000.00, certain business debts, and the debts due Mrs. Persechino. As noted, the plaintiff's contest of the debtor's divorce action ended when the debtor agreed to assume full responsibility for the obligations due Mrs. Persechino, hold the plaintiff harmless therefrom, and pay the plaintiff a portion of the monies the plaintiff had repaid her mother. The debtor testified at the present hearing that he agreed to make these payments in order "to get the divorce over with." The plaintiff conceded she did not know where the debtor would get the money to make the payments which they had requested the state court to order.

Six months following the state court decree of April 5, 1984, the debtor's business

closed down. He filed his chapter 7 bankruptcy case on March 22, 1985, describing himself as an unemployed seller of greenhouses. He scheduled 15 creditors with debts totalling $112,181.31. The debtor received his discharge on June 26, 1985. The trustee of his estate has filed a report stating that there is no property available for distribution to creditors of the estate.

## III.

The plaintiff contends that the debtor's agreement to save her harmless from the obligations due her mother is alimony because had she been responsible for any of these payments, she would have been forced to live with her mother rather than able to leave and rent her own apartment. The plaintiff also claims the $6,000.00 obligation to Mrs. Persechino and the $2,500.00 obligation to her represent alimony. The debtor argues that the agreement to assume these obligations was an equitable division of joint indebtedness, and not payments for purposes of alimony to, maintenance for, or support of the plaintiff.

## IV.

Section 523(a)(5) of the Bankruptcy Code provides as follows:

A discharge ... does not discharge an individual debtor from any debt—

(5) to a ... former spouse ... for alimony to, maintenance for, or support of such spouse ..., in connection with a ... divorce decree....

In contrast, obligations assumed as part of property settlements are discharged: "If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a ... divorce proceeding, such debt is dischargeable to the extent that [it] is not actually in the nature of alimony, maintenance, or support of debtor's spouse...." 124 Cong.Rec. H 11,-095–6 (9/28/78); S 17,412–13 (10/6/78).

Included among the factors which courts take into account in determining whether an obligation is alimony, maintenance, or support are whether the obligation terminates on the death or remarriage of the

duced into evidence by the parties as joint exhibits.

debtor's spouse; whether the payments appear to balance disparate income; whether the payments are made to the ex-spouse or to a third party; whether assumption of an obligation is necessary to satisfy the daily needs of the ex-spouse, or to provide a home; the length of the marriage and number of children; and the intent of the parties. *See Freyer v. Freyer (In re Freyer)*, 71 B.R. 912, 918 (Bankr.S.D.N.Y.1987), and cases cited therein. Consideration of each of these factors leads me to the conclusion that the debtor's obligations contained in the decree were not alimony and therefore are dischargeable.

The termination of an obligation upon death or remarriage of the debtor's spouse tends to indicate that the obligation is in the nature of support. Here, the debtor's obligation continued regardless of whether such events occurred. As to the financial condition of the parties, their affidavits showed that the plaintiff had a substantially higher income than the debtor at the time the marriage was dissolved. In fact, the plaintiff testified that she didn't know how the debtor would be able to make the payments. Based upon his financial affidavit and the prospects of his business, the debtor's agreement to pay all of these debts clearly exceeded his foreseeable ability to pay. The terms of the decree increased rather than balanced the disparity between the parties' incomes. Although the fact that payments were made to a third party is not dispositive, this tends to bolster the conclusion that the obligation was not to support the plaintiff.

The payments made by the debtor were not designed to provide for the daily necessities of the plaintiff. While the parties are in accord that their "hold harmless" agreement was primarily for the assumption of the mother's mortgage loan, the mortgage was not on the marital home. Therefore, it cannot be characterized as an agreement to maintain for the ex-spouse the residence she had during the marriage. The plaintiff's statement that she needed to be totally free of that obligation to be able to live in her own apartment rather than her mother's home does not suffice to make the obligation one for support. Certainly this claim of the plaintiff has nothing to do with the $6,000.00 or the $2,500.00 debts. Finally, the evidence showed that the parties were young, in good health, their marriage was brief, and neither party had dependents at the time of the decree. I find that the intent of the parties was to make a property settlement, and to place the burden of repayment of the debts to Mrs. Persechino solely on the debtor because these monies had been used for the debtor's business and he was retaining the business assets. These obligations were not meant to be alimony.

### V.

The party asserting nondischargeability has the burden of proof. *In re Freyer, supra*, 71 B.R. at 916. The plaintiff has not carried that burden, and, accordingly, I hold that the obligations to Angela Persechino Ammirato contained in the Connecticut Superior Court Decree in Case No. FA 82–36,943 are discharged.