JOEL LESSER *v.* MARJORIE M. LESSER
(6049)

DALY, BIELUCH and STOUGHTON, Js.

Argued June 17—decision released October 4, 1988

*John Claude Bahrenburg,* for the appellant (plaintiff).
*Jacques J. Parenteau,* for the appellee (defendant).

DALY, J. The plaintiff appeals from the judgment and the denial of the motion to open the judgment in which the trial court held that a dissolution indemnification provision was not dischargeable in bankruptcy.

The plaintiff claims that the trial court erred (1) in failing to apply the proper law and standards in determining the dischargeability or nondischargeability of a debt to the New London Security Federal Credit Union (credit union) pursuant to 11 U.S.C. § 523 (a) (5), (2) in finding that the May 7, 1984, agreement which was never adopted by the court changed the nature of the credit union obligation imposed by the 1980 judgment from a property settlement to a debt in the nature

of child support, (3) in not crediting the defendant's judicial admission that the debt was a property settlement, and (4) in failing to declare a mistrial due to judicial misconduct. We find error.

The pertinent factual background is as follows. On August 28, 1980, a judgment of dissolution was rendered pursuant to a separation agreement between the parties. Paragraph fourteen of the agreement which was incorporated into the judgment provided, inter alia: "The husband agrees to indemnify and hold the wife harmless from any of the husband's business debts in connection with which the wife has co-signed loans, including a second mortgage to the New London Security Federal Credit Union in the original amount of approximately $52,000." Additionally, the plaintiff agreed to assume the cost of a college education for their two children.

On May 7, 1984, the parties entered into a written agreement wherein the plaintiff was released from an indebtedness to the Hartford National Bank, but all other obligations contained in the separation agreement, including the debt owed to the credit union, remained in full force and effect. This agreement was to be submitted to Superior Court in the form of a stipulation of modification of the judgment, but it was not effectuated.

On December 17, 1984, the plaintiff moved to modify paragraph 14 in the Superior Court on the basis that the business interest values were misrepresented and had been seized by the defendant's brother. The defendant opposed this motion stating that the debt was nonmodifiable since it was a property settlement and not periodic alimony or support. The plaintiff's motion was denied.

The plaintiff was subsequently declared bankrupt on August 27, 1985, but the issue as to whether the

indemnification provision is a dischargeable debt was remanded by the Bankruptcy Court to the Superior Court.

The defendant moved that the trial court determine that the indemnification provision was not dischargeable and also moved for contempt against the plaintiff for failure to pay for their daughters' college education expenses. The trial court ruled that it was the intent and understanding of the parties that payment to the credit union is characterized as a payment in the nature of child support and nondischargeable. This appeal ensued.

The basic issue here is whether the trial court correctly characterized the hold harmless provision as a nondischargeable debt under federal bankruptcy law as being alimony, maintenance or support. See *Oakley* v. *Oakley,* 39 Conn. Sup. 13, 17, 466 A.2d 1197 (1983). "Section 523 (a) (5) of the Bankruptcy Code provides as follows: 'A discharge . . . does not discharge an individual debtor from any debt—(5) to a . . . former spouse . . . for alimony to, maintenance for, or support of such spouse . . . in connection with a . . . divorce decree. . . .' In contrast, obligations assumed as part of property settlements are discharged. 'If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a . . . divorce proceeding, such debt is dischargeable to the extent that [it] is not actually in the nature of alimony, maintenance, or support of debtor's spouse. . . .' 124 Cong. Rec. H 11,095–96 (9/28/78); S 17,412–13 (10/6/78)." *Matter of Ammirato,* 74 Bankr. 605, 607 (D. Conn. 1987). Courts have a list of factors to examine in determining whether a particular transaction constitutes a nondischargeable duty such as alimony, maintenance or support, or whether it is a property settlement and, therefore, dischargeable. See *Freyer* v. *Freyer,* 71 Bankr. 912, 918 (S.D.N.Y. 1987), and cases cited

therein. The following factors are taken into account: (1) whether the obligation terminates on the death or remarriage of the debtor's spouse; (2) whether the payments appear to balance disparate income; (3) whether the payments are made to a third party or the ex-spouse; (4) whether the obligation terminates at the end of a specified event (i.e., children are out of school, debt is satisfied, etc.); and (5) what was the intent of the parties. See *Matter of Ammirato, supra,* 608. An examination of the above factors leads us to the conclusion that the defendant's obligations were part of the property settlement and, therefore, dischargeable.

Our conclusion is further supported by the record in that the defendant's counsel made a judicial admission that the hold harmless provision constituted a property settlement. On December 17, 1984, the defendant, by her counsel, argued before Judge Vasington of the Superior Court that the debt to the credit union was a nonmodifiable property settlement. The defendant has, for purposes of this action, recharacterized this same debt as child support in order to argue its non-dischargeability under 11 U.S.C. 523 (a) (5). The defendant cannot benefit from both arguments. Defendant's counsel informed the court: "There was no payment of alimony. There was no periodic order. What we're talking about was an obligation on the part of the plaintiff husband to save harmless the wife from a loan to the New London Security Federal Credit Union. That is the same as—it would be treated as a lump sum award. This is not a periodic award. It is part of the property settlement, and, therefore, is nonmodifiable by the court."

"[A] judicial admission is ' "[a]n express waiver, made in court or preparatory to trial, by the party or his attorney, conceding for the purposes of the trial the truth of some alleged fact, has the effect of a confessory pleading, in that the fact is thereafter to be taken for

granted; so that the one party need offer no evidence to prove it, and the other is not allowed to disprove it. . . . It is, in truth, a substitute for evidence, in that it does away with the need for evidence." 9 Wigmore, Evidence (3d Ed.) § 2588.' *State* v. *Rodriguez,* 180 Conn. 382, 396, 429 A.2d 919 (1980); see also B. Holden & J. Daly, Connecticut Evidence § 103." *Futterlieb* v. *Mr. Happy's, Inc.,* 16 Conn. App. 497, 504, 548 A.2d 728 (1988). In this case, the defendant's judicial admission that the hold harmless provision constituted a property settlement bound her and she is prohibited from subsequently stating otherwise.

In view of our ruling on this issue, we need not examine the remaining issues in this case.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.