[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT
The marriage of the plaintiff, Barbara Yankowski, and the defendant, Gary Yankowski, was dissolved pursuant to a divorce decree entered by the court (Geen, J.) on August 19, 1991. Paragraph G of that decree provided as follows:
 Defendant shall retain his Bridgeport commercial property and all mortgages and/or notes payable to him in connection with any of his dry cleaning businesses, subject to any debts in connection with same of any nature, including federal tax claims as to any business and to joint tax returns where the liability is that of the defendant. The defendant shall pay same and save the plaintiff harmless from and against any claims thereon including attorney fees, accounting fees, penalties, interest and court costs.
On May 7, 1993, the plaintiff filed a motion for contempt against the defendant, wherein the plaintiff alleges that she was sued in connection with the defendant's alleged default on a note and the $165,000 mortgage encumbering the same commercial property alluded to in paragraph G of the divorce decree. The plaintiff alleges that the defendant has failed and refused to hold her harmless with regard to that property and, "[a]s a result of the Defendant's contempt," she has been forced to expend sums of money not only for this action, but for the action arising out of the commercial property as well.[1]
On June 29, 1994, the plaintiff filed a motion for modification of alimony,[2] wherein she references the same allegations as set forth in the May 7, 1993 motion for contempt, and further alleges that she "has been forced to expend substantial attorney's fees, costs, and $42,000.00 to buy out her joint liability on those notes and debts of the Defendant, upon CT Page 2154 which the Defendant was ordered to save the Plaintiff harmless." In her June 29, 1994 motion, the plaintiff seeks, inter alia, reimbursement of any and all expenses she has been allegedly forced to expend.
The parties have stipulated that between the plaintiff's filing of the two foregoing motions, the defendant filed a bankruptcy petition and on November 23, 1993, was discharged with regard to the debt encumbering his commercial property.
The plaintiff's June 29, 1994 motion seeks to enforce the hold harmless provision as set forth in paragraph G, supra, of the divorce decree. The defendant's position is that his discharge in bankruptcy bars the plaintiff's claim.
In Lesser v. Lesser, 16 Conn. App. 513, 516, 548 A.2d 6
(1988), the Appellate Court addressed the issue of "whether the trial court correctly characterized the hold harmless provision [of the parties' separation agreement that was incorporated into the judgment of dissolution] as a nondischargeable debt under federal bankruptcy law as being alimony, maintenance or support."
The facts of Lesser, as outlined by the Appellate Court, are as follows. On August 28, 1980, a judgment of dissolution was entered pursuant to a separation agreement between the defendant wife and the plaintiff husband. Paragraph fourteen of the separation agreement, which was incorporated into the judgment, provided that:
 `The husband agrees to indemnify and hold the wife harmless from any of the husband's business debts in connection with which the wife has co-signed loans, including a second mortgage to the New London Security Federal Credit Union in the original amount of approximately $52,000.'
Id., 515.
The plaintiff in Lesser moved to modify paragraph fourteen of the agreement, while the defendant opposed the plaintiff's motion on the ground that "the debt was non-modifiable since it was a property settlement and not periodic alimony or support. The plaintiff's motion was denied." Id., 515.
On August 27, 1985, the plaintiff was declared bankrupt, and the bankruptcy court remanded to the Superior Court the question CT Page 2155 of whether the paragraph fourteen indemnification provision was a dischargeable debt. Id., 515-16. The defendant maintained that the indemnification provision was not dischargeable, and the trial court agreed, ruling that the intent and understanding of the parties that payment to the credit union is characterized as a payment in the nature of child support and is nondischargeable. Id., 516. The plaintiff appealed the trial court's ruling.
In holding that the defendant's obligations were part of the parties' property settlement and, therefore, dischargeable, the Appellate Court examined section 523(a)(5) of the Bankruptcy Code, which provides in pertinent part:
 `A discharge . . . does not discharge an individual debtor from any debt-(5) to a . . . former spouse . . . for alimony to, maintenance for, or support of such spouse . . . in connection with a . . . divorce decree. . . .' In contrast, obligations assumed as part of property settlements are discharged. `If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a . . . divorce proceeding, such debt is dischargeable to the extent that [it] is not actually in the nature of alimony, maintenance, or support of debtor's spouse . . . .' 124 Cong., Rec. H 11,095-96 (9/28/78); S 17, 412-13 (10/6/78).'
Id., quoting Matter of Ammirato, 74 B.R. 605, 607 (D. Conn. 1987).
Finally, the court then articulated the factors to be considered in determining whether a specific transaction can be considered a nondischargeable duty in the nature of alimony, maintenance or support, or whether it constitutes a property settlement and is, therefore, dischargeable:
 (1) whether the obligation terminates on the death or remarriage of the debtor's spouse; (2) whether the payments appear to balance disparate income; (3) whether the payments are made to a third party or the exspouse; (4) whether the obligation terminates at the end of a specified event (i.e. children are out of school, debt is satisfied, etc.); and (5) what was the intent of the parties.
Id., 516-17.
After examining the above factors, the court held that the defendant's obligations were dischargeable as they could be considered part of the property settlement. Id., 517. In so holding, the court in Lesser stated that its conclusion was CT Page 2156 "further supported by the record in that the defendant's counsel made a judicial admission that the hold harmless provision constituted a property settlement." Id., 517. The court then elaborated that:
 On December 17, 1984, the defendant, by her counsel, argued before Judge Vasington of the Superior Court that the debt to the credit union was a nonmodifiable property settlement. The defendant has, for purposes of this action, recharacterized this same debt as child support in order to argue its nondischargeability under 11 U.S.C. § 523(a)(5). The defendant cannot benefit from both arguments. Defendant's counsel informed the court: `There was no payment of alimony. There was no periodic order. What we're talking about was an obligation on the part of the plaintiff husband to save harmless the wife from a loan to the New London Security Federal Credit Union. That is the same as — it would be treated as a lump sum award. This is not a periodic award. It is part of the property settlement, and, therefore, is nonmodifiable by the court.'
In concluding, the court in Lesser stated that "[i]n this case, the defendant's judicial admission that the hold harmless provision constituted a property settlement bound her and she is prohibited from subsequently stating otherwise." Id., 518.
In the present case, the plaintiff postulates that the hold harmless provision as set forth in paragraph G constitutes a nondischargeable duty such as alimony, maintenance or support because that portion of the decree would allow the plaintiff, minus the added expenses in connection with the defendant's commercial property, to concentrate on paying "all necessary bills to sustain her and her children in the marital home."
The defendant counters that (1) since the commercial property was awarded to him as a property settlement which would have been discharged by his bankruptcy filing, the related $42,500 foreclosure settlement debt is likewise dischargeable; (2) a modification of alimony is prohibited by the preclusive language contained in the judgment decree; and (3) the plaintiff should be estopped from pursuing her current position because she previously, through her counsel and prior to the defendant's bankruptcy filing, had taken the contra position before the court. An examination of the factors articulated by the court inLesser alone does not resolve the question of whether the order as set forth in Paragraph G was a nondischargeable duty in the nature of alimony, maintenance or support or a dischargeable CT Page 2157 property settlement.
The defendant's obligation to the plaintiff as set forth in Paragraph G would obviously terminate upon the death of the plaintiff, but Paragraph G is silent with regard to the plaintiff remarrying. Paragraph G is also silent as to whether the payments appear to balance disparate income. Compare Tavella v. Edwards(In re Edwards), 172 B.R. 505 (D. Conn. 1994) (language in paragraph seven of the decree that "[t]his indemnification is necessary for the plaintiff's continued economic welfare and accordingly, the defendant's obligation in this respect is in the nature of alimony and support" is ruled by the court as a finding of fact that the award was in the nature of support for the plaintiff and was, therefore, nondischargeable). The payments are made to a third party, but the obligation does not terminate at the end of a specified event. Finally, the intent of the parties (or the court) cannot be gleaned from the decree.
The defendant's contention that the preclusive language in the decree prohibits a modification of alimony in this case is persuasive to the extent that the plaintiff requests a modification of alimony.
The plaintiff states in her memorandum of law that "[t]he save harmless judgment should be enforced as an order of additional alimony to protect the plaintiff and the children from Defendant's creditor the bank." In response to the plaintiff's position, the defendant relies upon Paragraph L of the decree, which provides:
 The Court awards the plaintiff $1.00 a year alimony until December 31, 1998, death of either party, or the re-marriage of the plaintiff, whichever event first occurs. The amount shall be modifiable only in the event the plaintiff is found to be incapable of employment due to physical or mental disability.
The defendant opines that since the plain language of the judgment precludes modification, and since the plaintiff is neither physically incapable of employment or mentally disabled, "a modification of the amount or term of this alimony under C.G.S. 46b-86(a)[3] is prohibited by the nonmodifiable provision contained in the judgment."
Where an agreement between parties is incorporated by CT Page 2158 reference into a dissolution decree, "[a] judgment rendered in accordance with such a stipulation of the parties is to be regarded and construed as a contract." Barnard v. Barnard,214 Conn. 99, 109, 570 A.2d 690 (1990). "Once the provisions of a separation agreement . . . are incorporated into the dissolution judgment, they can be modified by court order only if the agreement so incorporated does not preclude modification." Id., 114. The plain language of the dissolution decree precludes the modification of alimony unless the plaintiff is found to be in a condition that comports with either condition subsequent as contained in Paragraph L. The plaintiff has not claimed that she falls within either exception of Paragraph G. Since the plaintiff has styled her motion as one for modification of alimony, and since she further characterizes the holds harmless provision of Paragraph G as "additional alimony," the court must deny the plaintiff's motion only to the extent that it requests a modification of alimony.
A finding by the court that the alimony in this case is nonmodifiable, is tangential to the substantive issue in this case, and the court is not precluded from addressing the question of whether the defendant's obligation as set forth in Paragraph G is dischargeable in bankruptcy.
The defendant argues that the plaintiff should now be estopped from claiming that the defendant's obligation is nondischargeable in light of the record in this case. The defendant states that the plaintiff, through her attorney, previously indicated to the court (Riefberg, J.) that the defendant's obligation was dischargeable in bankruptcy. Furthermore, the defendant offers that in reliance upon those statements, he opted for bankruptcy and now is burdened by the adverse credit rating attendant to such filing. The defendant argues that since the plaintiff's position prior to his bankruptcy filing is in contradistinction to her position after he filed bankruptcy, she should be estopped from claiming that his obligation is now nondischargeable because such a claim, at this juncture, is prejudicial to him.
A review of the June 1, 1993 transcript reveals that during that hearing, the defendant appeared pro se while the plaintiff was represented by counsel. With regard to the issue of the dischargeability of the defendant's obligation, the court (Reifberg, J.) asked the plaintiff's attorney to state the nature of the claimed debt, framing the question as follows: "Is it an CT Page 2159 alimony obligation or is it a property settlement obligation?" (Transcript dated June 1, 1993, p. 6.) The plaintiff's attorney replied, "It's dischargeable, Your Honor. But that at least puts Attorney Voog and I in a position where we can deal with the bank and in our present position we can't do anything. Our hands are tied until Mr. Yankowski either has a lawyer or files bankruptcy." (Transcript dated June 1, 1993, p. 6-7.) The court later asked the plaintiff what it needed from the defendant, whereby the plaintiff replied, "I need a lawyer to deal with, Your Honor, so I can either get him into bankruptcy or deal with the contempt. I assume once counsel is appointed they will look at bankruptcy as a serious option." (Transcript dated June 1, 1993, p. 8.)
As in the case of Lesser v. Lesser, supra, the plaintiff in this case is bound by her judicial admission that the defendant's obligation as set forth in the hold harmless provision of paragraph G is dischargeable. Based on the foregoing, the plaintiff's motion is denied.
Stodolink, J.