[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 3, 1995 the court heard argument on the plaintiff's motion for execution on that portion of the court's judgment of dissolution awarding her lump-sum alimony paid periodically on specified dates between April 15, 1987 and April 15, 1995. See paragraph (2) of the Judgment. In that motion the plaintiff alleged that the payments due on April 15, 1991 and April 15, 1993, each in the amount of $100,000, had not been made.
Recognizing that a "family support judgment" as defined in § 52-350a(7), C.G.S., may not be enforced against the property of the judgment debtor under § 52-350f, C.G.S., the plaintiff argues that the payments characterized as "lump-sum alimony" in the Judgment and in the agreement of the parties[1] are in reality a property division and, therefore, within the reach of the execution statute. Plaintiff relies on the case of Blake v. Blake, 211 Conn. 485
(1989), in which the trial court characterized a monetary award as "lump-sum alimony" in its oral memorandum of decision and characterized the same award as a property division at a later hearing. The judgment file, itself, did not label the payment in any way. Ibid. at 490.
Blake and other cases in which courts have characterized or recharacterized monetary awards as alimony or property distributions after the fact all have one thing in common; viz., ambiguity in the original award. See Lesser v. Lesser, 16 Conn. App. 513,515-17 (1988); Lewis v. Lewis, 35 Conn. App. 622, 629
(1994). There is nothing ambiguous about either the judgment in this case or the agreement of the parties as recited in the transcript of the proceedings when the judgment of dissolution was entered. The judgment clearly characterizes the payments in question here as lump-sum alimony and uses that term at several other places in the judgment to refer to the award. Moreover, in CT Page 5652 the court proceedings of February 2, 1987 plaintiff's counsel repeatedly referred to the award of alimony, both periodic and lump-sum, as part of the agreement of the parties which the court accepted and made an order of the court. See pp. 15-16 of the transcript of February 2, 1987.
In such a case the court is not "charged with searching for the intent of the parties at the time of their divorce". Lewis v.Lewis, supra at 629. Where their intent is so clearly spelled out in the agreement on the record, and the judgment file comports with that agreement, the court should be governed by that agreement and that judgment. The mere fact that periodic alimony was awarded in addition to lump-sum alimony, but under different terms as to its taxation to the wife and deductibility to the husband, does not demonstrate that the award of lump-sum alimony was, in reality, something else.
Where it was plaintiff's counsel, himself, who repeatedly characterized the award at issue here as lump-sum alimony and not a property distribution, it may be that the plaintiff is precluded from now claiming the contrary. Cf. Lesser v. Lesser, supra at 517-518.
Therefore, the court finds that the order for payment by the defendant to the plaintiff of lump-sum alimony by way of periodic payments, including payments on April 15, 1991 and 1993, is a "family support judgment", not subject to the execution provisions of § 52-350f, C.G.S.[2]. The plaintiff's motion for execution is denied.
Joseph M. Shortall, Judge