[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR DETERMINATION OFDISCHARGEABILITY
On the limited facts presented to the court in this matter, the plaintiff wife asks this court to determine that obligations of the defendant husband arising out of his debt to Dime Savings Bank of Wallingford are non-dischargeable in bankruptcy.
The relevant facts, apparent from the record, are these:
The thirty-two year marriage of the parties was dissolved in 1994. Both parties were represented by counsel. Their comprehensive written separation agreement was incorporated in the judgment of dissolution.
Among the provisions is one entitled Real Estate, which obligated the plaintiff wife to "quit-claim all her right, title and interest in real estate located at 43 Clinton Street, Meriden, Connecticut to the defendant." The remainder of Paragraph 3.A. reads as follows:
 The defendant shall be solely responsible for all expenses relating thereto, including but not limited to the mortgage, taxes, insurance and repairs, including the current furnace repair bill, and shall hold the plaintiff harmless from same. These obligations shall be non-dischargeable in bankruptcy by the defendant.
It is the defendant's non-payment of the mortgage on this property for which the plaintiff now seeks a remedy.
The defendant, though receiving in-hand service of notice of CT Page 12541-Y this court hearing, declined to appear.
In April, 1995, a judgment of strict foreclosure entered in favor of Dime Savings against the plaintiff and the defendant. In May the defendant filed for protection from creditors under Chapter 7 of the Bankruptcy Code. He listed his obligation to Dime Savings Bank. No evidence was presented by plaintiff to show whether the defendant debtor listed her separately as a creditor under the "hold harmless" clause of the Separation Agreement. The defendant received his discharge from the Bankruptcy Court on September 1, 1995. Thereafter, on September 14, 1995, a deficiency judgment was entered in favor of Dime Savings against the plaintiff in the amount of $32,470.90.
She asks this court to determine that certain financial obligations of the defendant are non-dischargeable under11 U.S.C. § 523 (a)(5), which provides:
 A discharge . . . does not discharge an individual debtor from any debt . . .
 (5) to a spouse, former spouse, or child or the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that . . .
 (B) such debt includes a liability designed as alimony, maintenance, or support, unless such liability is actually in the nature of the alimony, maintenance or support.
Discussion
Connecticut courts, concurrent with the Bankruptcy Court, have the authority to determine whether a debt sought to be discharged is or is not in the nature of alimony, maintenance, or support. Lewis v. Lewis, 35 Conn. App. 622 (1994).
The debt about which the plaintiff seeks this court's determination is the debt of the defendant to Dime Savings, not CT Page 12541-Z any debt he may owe to the plaintiff under the hold harmless clause. That debt is dischargeable and so clearly so that further discussion is not required. The obligation of the defendant to the plaintiff to indemnify her is more properly the subject of the court's analysis. See Lesser v. Lesser, 16 Conn. App. 513,515-16 (1988). Among the factors for the court to consider are:
 (1) whether the obligation terminates on the death or remarriage of the debtor's spouse; (2) whether the payments appear to balance disparate income; (3) whether the payments are made to a third party or the ex-spouse; (4) whether the obligation terminates at the end of a specified event (i.e., children are out of school, debt is satisfied, etc.); and (5) what was the intent of the parties.
Lesser v. Lesser,. 16 Conn. App. 513, 516-17, cert. den.210 Conn. 802 (1988).
The court finds that, in this instance, the indemnification clause is part of a division of property, and not in the nature of alimony, maintenance or support.
First, the obligation is coupled with the transfer of the real estate. It is not extinguished by the death or remarriage of either party.
Second, the financial affidavits of the parties filed contemporaneously with the Agreement do not show disparate income levels or even disparate personal expense levels that are balanced by payments of the obligation.
Third, the underlying payment was to be to a third party, not the former spouse.
Fourth, the obligation does not terminate at the end of a specified event or on any change of status or change of circumstances, other than the full payment or other discharge of the actual obligation itself.
Counterbalancing these considerations is the question of the intent of the parties. True enough, the plain language states that the obligation is non-dischargeable in bankruptcy. But courts are not bound by the parties' categorization of such an CT Page 12541-AA obligation. Rather, courts must independently analyze what the substance of the obligation is under the agreement. Se In reBrody, 3 F.3d 35, 38 (2d Cir. 1993).
The obligation is contained in that portion of the Agreement in which title to real property was discussed, matters of alimony being contained in a separate section with a separate heading. Further, the separate section entitled Alimony contains a provision that foresees the necessity for alimony payments to the plaintiff in the event her expenses are increased as a result of the defendant's default on obligations to their joint creditors.
The parties cannot contrive to avoid the availability of bankruptcy as a remedy to a debtor when the payment appears to be, as here, part of a property division.
The plaintiff's request for a determination of non-dischargeability is resolved against her. The Motion #124 having been considered, the relief requested therein is denied.