[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO HOLD THEPLAINTIFF IN CONTEMPT
The defendant claims that the plaintiff has failed to comply with the decree of dissolution dated September 3, 1991 in that the plaintiff was ordered to place the sum of $14,000. in a trust account for the benefit of Jill Ann Bizeau, daughter of the parties, with both parties being named as trustees, which sum was dedicated to the education of the minor child. Said trust was to be created when the marital home was sold.
It is the claim of the defendant that when the property was sold there was insufficient net proceeds to provide the $14,000.00 and that the plaintiff placed only $6,000.00 in the trust account naming himself as sole trustee, thus violating the order of the court as to both amount of the trust to be CT Page 1003 created and who were to be the joint trustees.
The issues as raised by the Motion for Contempt are as follows:
 1. Whether the plaintiff can be held in contempt for failing to net $14,000.00 from the sale of the home, thus failing to satisfy the judgment ordered trust.
 2. Whether the plaintiff's failure to name the defendant, as co-trustee of the trust account, merits a contempt order.
 3. Whether the plaintiff's subsequent bankruptcy discharges his obligation to create the trust, said trust being expressly for the education of the plaintiff's daughter Jill.
In addition to the above facts, the plaintiff claims that the net proceeds of the sale totalled $8,485.07 of which he placed $6,000.00 in the new created trust account, naming himself as sole trustee. Thereafter on July 30, 1992, the defendant filed and obtained personal bankruptcy protection. The bankruptcy court issued a discharge from all dischargeable debts on July 30, 1992. The plaintiff alleges that the remainder of the $6,000.00 has been discharged by the bankruptcy court. The plaintiff alleges that the debt is non-dischargeable.
"The inability of a party to obey an order of the court, without fault on his part, is a good defense to a charge of contempt." Tobey v. Tobey, 165 Conn. 742, 746, 345 A.2d 21
(1974). "It is well settled that the fact that an order has not been complied with does not dictate that a finding of contempt must enter." Strickland v. Mclaughlin, Superior Court, judicial district of New London at New London, Docket No. 530938 (August 3, 1995, Teller, J.).
The intent of the parties in creating the trust account was to replenish their daughter Jill's depleted settlement award. The source for the trust account was to be exclusively from the proceeds of the sale of the marital home. CT Page 1004 There is no language in the judgment that creates an independent obligation on the plaintiff to satisfy any shortfalls from his personal assets, nor does it appear from the record that this was the intent of the parties. The reason the plaintiff was assigned the obligation to create the trust account was because the marital home was placed in his name as part of the judgment. Had the marital home been in the defendant's name, the obligation would have been placed on the defendant to create the trust account from the net proceeds of the sale. It is clear that the obligation inured only to the proceeds gained in the sale of the home, and did not create an independent obligation on either party to defray any shortage from their personal assets.
The defendant has not presented evidence that the sale of the home netted more than approximately $9,000.00. The plaintiff has produced evidence the net proceeds were $8,485.07. Therefore, it would be impossible for the plaintiff to create the required $14,000.00 trust account out of the net proceeds from the sale.
"A finding of contempt necessarily depends on the facts and circumstances presented." Dukes v. Durante,192 Conn. 207, 228, 471 A.2d 1368 (1984). "The court has the discretion to deny a contempt finding when there is a factual basis to explain the failure to honor the court's order." Marcilv. Marcil, 4 Conn. App. 403, 405, 494 A.2d 620 (1985). Precedent requires that this court evaluate the factual basis for the failure to comply with the court order, and the court has the discretion to determine if the failure to comply requires an order of contempt. Therefore, according to the facts and the posturing of the parties, the plaintiff's failure to establish a trust account in the amount of $14,000.00 does not merit a contempt order. The plaintiff acted reasonably, under the circumstances, creating the account in the amount of $6,000.00. It is noted that the defendant has failed to contest the amount of the total of the sale, nor the payment of the of miscellaneous bills in the approximate amount of $2,485.07. The defendant is merely contesting the plaintiff's obligation to establish the remainder out of his personal assets.
The plaintiff had the ability to comply with this obligation of the judgment to name a co-trustee. Plaintiff has not supplied any evidence regarding factual circumstances preventing his naming the defendant as co-trustee of the trust CT Page 1005 account that he set up for Jill. Absent factual evidence to explain the contempt, the court's discretion is limited. Therefore, the court finds the plaintiff in contempt of the judgment requiring him to name the defendant as a co-trustee of the trust account and directs that he place the name of the defendant as co-trustee on the trust account within 30 days from this ruling.
With respect to the claim of bankruptcy discharging the debt, in Connecticut, the party objecting to the discharged debt has the burden to establish the debt was not discharged.In re Maletta, 159 B.R. 108 (Bkrptcy D.Conn. 1993). The moving party has the burden of proving the essential elements to deny the discharge of the debt. In re Moreau, 161 B.R. 742
(Bkrptcy D.Conn. 1993).
In this case, the defendant has contested her notice of the bankruptcy proceedings. It is alleged that the notice went to a her sister's address. The plaintiff alleges that he had several conversations with the defendant regarding his financial condition and imminent bankruptcy prior to filing bankruptcy. The plaintiff further alleges that the address he used was the most current address for the defendant, that the defendant received mail there and it was the address he picked up the children for visitation. This issue need not be addressed because the debt was non-dischargeable. However, if the court was to reach the merits, the defendant has failed to produce sufficient evidence that the notice was inadequate. Therefore, the following analysis will address the dischargeability of the trust account debt.
The plaintiff argues that his filing of bankruptcy and the discharge by the court absolves him from complying further with the judgment. Plaintiff bases this argument on two principles: first, the defendant failed to object to the discharge within the time allotted by the bankruptcy court; and second, the disputed debt was in the nature of a property order, and as such is properly dischargeable in a bankruptcy proceeding. The defendant argues, in addition to the aforementioned notice problems, that the debt is in the nature of maintenance and support, and as such is exempt from discharge in bankruptcy.
The parties concede that there is a lack of Connecticut appellate authority on this issue and they have both cited CT Page 1006 supporting cases from other jurisdictions. The defendant's argument has the most merit for the reasons discussed below.
11 U.S.C. § 523 states: "(a) A discharge under . . . does not discharge an individual debtor from any debt . . . (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."
The plaintiff argues that the defendant's failure to timely contest the bankruptcy's discharge of the debt makes the discharge binding on the defendant in this proceeding. This issue was addressed in Lewis v. Lewis, 35 Conn. App. 622,646 A.2d 273 (1994). Here the appellate court was faced with applying11 U.S.C. § 523 (a)(5) in order to determine whether a court ordered payment to the plaintiff was discharged in the defendant's bankruptcy. The court stated:
 "[T]he debtor's discharge, which occurred prior to this action in state court, did not resolve the dischargeability of this debt. Unlike dischargeability questions based on § 523(a)(2), (4) (6), where debts are automatically discharged unless the creditor asks the bankruptcy court to make a determination of nondischargeability, a debtor's obligation to a former spouse or child is either discharged or not, pursuant to § 523(a)(5), based upon the nature of that obligation regardless of whether or not the bankruptcy court has been asked to pass upon the issue. See 11 U.S.C. § 523 (c). The question of dischargeability is, thus, preserved and, should there be any dispute, may be determined by the state courts in connection with proceedings to enforce the obligation. (Emphasis added.) In re Balvich, supra, 135 B.R. 330." (Internal quotations CT Page 1007 omitted.).
Lewis v. Lewis, supra 35 Conn. App. 626-27.
In Peabody v. Peabody, Superior Court, judicial district of New London at New London, Docket No. 504914 (July 11, 1995, Teller, J.) reiterated Lewis v. Lewis, supra, in holding that irrespective of whether the bankruptcy court has been asked to pass upon the dischargeability of the spouses alimony, maintenance or support, the state court has jurisdiction to determine whether the debt is dischargeable. In Peabody the court determined the wife was not bound by the bankruptcy courts determination that her alimony was discharged.
Additionally, the Peabody court discussed the rational behind § 523(a)(5) by quoting from Forsdick v. Turgeon,812 F.2d 801, 802 (2d Cir. 1987): "While the code . . . reflects a strong public policy of providing debtors with fresh starts, Congress has also determined that certain competing public policy interests shall take preference. . . . By virtue of § 523(a)(5), Congress has chosen between two competing interests — those of bankrupts and those of their former spouses . . . and it chose in favor of the latter."
Having concluded that the bankruptcy court's determination that the trust account debt was dischargeable is not binding in this proceeding, the analysis turns to how this court should determine whether the debt is dischargeable.
Returning to Lewis v. Lewis, supra, the court addressed this very issue in its analysis by stating the relevant factors it must consider in making the determination whether the debt is a property settlement (and thus dischargeable), or in the nature of alimony, maintenance or support (and not dischargeable):
 "The determination of whether a debt is dischargeable is made pursuant to federal bankruptcy law. Forsdick v. Turgeon, 812 F.2d 801, 802 (2d Cir. 1987); In re Calhoun, 715 F.2d 1103, 1107 (6th Cir. 1983); In re Silberfein, 138 B.R. 778, 780 (S.D.N.Y. 1992). . . .
Courts have a list of factors to examine in CT Page 1008 determining whether a particular transaction constitutes a nondischargeable duty such as alimony, maintenance or support, or whether it is a property settlement and, therefore, dischargeable. See In re Freyer, 71 B.R. 912, 918 (S.D.N.Y. 1987), and cases cited therein. The following factors are taken into account: (1) whether the obligation terminates on the death or remarriage of the debtor's spouse; (2) whether the payments appear to balance disparate income; (3) whether the payments are made to a third party or the ex-spouse; (4) whether the obligation terminates at the end of a specified event (i.e. children are out of school, debt is satisfied, etc.); and (5) what was the intent of the parties. See Matter of Ammirato, [supra, 74 B.R. 608] ." Lesser v. Lesser, 16 Conn. App. 513, 516-17, 548 A.2d 6, cert. denied, 210 Conn. 802, 553 A.2d 615 (1988). . . .
 After reciting the relevant factors, the trial court found as a fact that the $50,000 debt was nondischargeable alimony, maintenance or support." (Internal citation in the original.).
Lewis v. Lewis, supra 35 Conn. App. 627-28.
In Hill v. Hill, Superior Court, judicial district of Danbury at Danbury, Docket No. 166874 (May 26, 1995, Leheny, J.)., the plaintiff filed a contempt motion against the defendant for the defendant's failure to pay the college expenses of their child, pursuant to a court order at the time of divorce. Judge Leheny determined that the debt was non-dischargeable because "11 U.S.C. § 523 (a)(5) denies discharge of a debt arising from an obligation for support of the debtor's child pursuant to a divorce decree." Judge Leheny cited In re Brown, 74 B.R. 968,972-3 (Bkrtcy. D.Conn. 1987) for the proposition "thatthe debtor's obligation to pay for college education was in thenature of child support and not dischargeable." (Emphasis added.).
The defendant also relies on a Harrell v. Sharp,13 B.R. 302, 304 (Bankr. N.D.Ga. 1981), where the issue facing CT Page 1009 the court was whether the debtor's obligation to pay his son's college expenses are dischargeable under 11 U.S.C § 523(a)(5). The court held: "11 U.S.C. § 523 (a)(5)(B) specifically uses the phrase `in the nature of' to broaden the scope of maintenance or support for bankruptcy purposes. Therefore, a summary judgment in favor of the debtor is not appropriate with regard to the question of the dischargeability of the debtor's obligation to pay for his son's support and education [i.e. the obligation to pay for the child's education is non-dischargeable]."
The plaintiff relies on In re Freyer, 71 B.R. 912,918 (S.D.N.Y. 1987) and Lewis v. Lewis, supra 35 Conn. App. 628, for the proposition that a property settlement is dischargeable and where the court order is ambiguous as to whether the debt is a property settlement or maintenance, the court must examine the intent of the parties at the time of their divorce. The plaintiff's reliance on Lewis v. Lewis is overstated. In Lewis the court held that the $50,000.00 debt was in the nature of alimony and thus, non-dischargeable. The court reached this conclusion after applying the five factors it adopted from In re Freyer as set forth supra.
The plaintiff has attempted to characterize the trust account as the debt of a third party, as in Matter of Ammirato,74 Bkrptcy 605, 607 (D.Conn. 1987).[1] However, the case at hand is distinguishable for the facts in Matter of Ammirato. Additionally, the plaintiff would require this court to examine the nature of the underlying transactions and the intent of the parties in agreeing to the court order, in order to fully determine the nature of this debt.
The court adopts the defendant's rational and line of cases. Therefore, applying the foregoing, the obligation of the plaintiff to establish a trust account for Jill is non-dischargeable, since it is in the nature of maintenance or support. However, the plaintiff has discharged this obligation by applying all available net proceeds from the sale of the home when he established the account. It has been previously determined, the plaintiff is not obligated to satisfy the shortfall from his personal assets.
CONCLUSION
Irrespective of whether the bankruptcy discharged the remaining debt, the court exercises its discretion and permits CT Page 1010 the plaintiff relief from the order to create a $14,000.00 trust account. The intent of the parties is that the trust account was to be comprised entirely from the proceeds of the sale of the marital home. Since the proceeds were less then anticipated, the plaintiff is unable to comply with the original order. Thus, the plaintiff should not be compelled to satisfy the trust account from his own assets, since this was not the intent of the parties at the time the judgment was entered.
The next issue is whether the plaintiff can still be held in contempt for failing to name the defendant as a trustee on the trust account that he did create. He should be so held. He has offered no reason for failing to name the defendant as a co-trustee thus violating the court order.
Lastly, whether the bankruptcy discharged the remaining debt, this issue need not be considered based on the determination of the first issue. However, the bankruptcy did not discharge the debt, the debt being non-dischargeable for maintenance and support of the minor child as an educational fund.
As part of the defendant's Motion for Contempt dated October 24, 1995 attorney's fees were requested. Because the plaintiff offered no reason for failing to name the defendant as co-trustee, the court finds such action was a wilful contempt and awards counsel fees to the defendant in the amount of $350.00 payable not later than February 16, 1996.
The plaintiff's request for counsel fees dated December 14, 1995 is hereby denied.
The court expresses appreciation to law clerk Jim Ramsey for his excellent research on the issues presented.
HARRY N. JACKAWAY STATE TRIAL REFEREE