[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PAYMENTOF SEPTEMBER 7, 1995
This dissolution action went to Judgment on November 9, 1989, Cohen, J.
The Judgment included an assignment of debts with hold harmless obligations.
On or about May of 1993 the respondent Earl DeGray went CT Page 2555 bankrupt discharging a Citibank Visa debt which was assigned to the respondent and for which he was to hold Plaintiff harmless.
Citibank is now pursuing the Plaintiff for the obligation which is now $2,784.34. The debt and obligation are dischargeable unless they are in the nature of alimony, maintenance or support.11 U.S.C. § 523(a)(5). Lewis v. Lewis, 35 Conn. App. 622, 627
(1994), Lesser v. Lesser, 16 Conn. App. 513, 516-517, cert. den.210 Conn. 802 (1988).
Reviewing the instant obligation by the standards adopted inLesser and Lewis supra the Court notes the following.
The obligation to Citibank Visa is unaffected by the death or remarriage of either party. The alimony and support orders of the Judgment essentially equalized income; thus the debt obligation did not balance disparate incomes. The payments obligation was to Citibank rather than the former spouse. The obligation is not linked to any specific event suggesting its relationship to alimony, I maintenance or support. The Judgment assigned to each party obligations listed on their respective financial affidavits; more in accordance with a property distribution, than support obligation.
The obligation of the Defendant to pay the Citibank Visa and to hold his wife harmless were discharged. The alimony order in the Judgment has unfortunately expired and was time limited.
The Plaintiff's Motion for Payment is denied.
McWeeny, J.