[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on a series of motions filed by both parties.
In an effort to narrow the issues, the parties filed a stipulation of facts which stated, inter alia, the following:
1. On June 27, 1994, the court ordered the defendant to pay $138 as child support.
2. On March 17, 1995, the defendant ceased paying child support.
3. The plaintiff filed bankruptcy on April 20, 1995.
4. The defendant has been contacted by creditors regarding obligations that he is jointly liable for and which were discharged by the plaintiff in bankruptcy.
5. Paragraph 21 of the separation agreement (which the court ordered incorporated by reference into the decree of dissolution) CT Page 4010-J provided that the plaintiff "assume other joint credit debts which . . . [were] shown on her financial affidavit." The agreement further provided that the wife (plaintiff) further covenant at all times to keep the husband free, harmless and indemnified from any and all debts and liabilities heretofore and hereinafter contracted by her subject to the provisions of this agreement.
6. The defendant is in arrears as of February 26, 1996, the sum of $6272.
7. The plaintiff has incurred expenses in the amount of $1634 for which she has not been reimbursed by the defendant.
8. Defendant admits he owes $717 for the period August 1, 1994 to May 4, 1995, since plaintiff was sole provider of health insurance.
The plaintiff now seeks to have the defendant held in contempt for his failure to pay child support.
In addition to the facts stipulated by the parties, the court further finds that the separation agreement in the indemnification paragraph further provided that if the husband had to pay a debt of the wife's which he was not legally obligated to pay, he could deduct the amount of said debt from the moneys he is obligated to pay to the wife under the terms of the separation agreement.
Clearly, the indemnification by the wife is in the nature of property settlement and under the circumstances of the case cannot be determined to be in the nature of alimony or support and, therefore, survive bankruptcy. The wife did not have an obligation to pay alimony and since she had physical custody of the children, she was not paying any support for the children.
The law is well settled in Connecticut that obligations assumed as part of a property settlement are dischargeable in bankruptcy. Matter of Ammirato, 74 B.R. 605, 607 (Bkrtcy. D. Conn., 1987), which discharged a husband's obligation to hold harmless under a divorce settlement. See also Lesser v. Lesser,16 Conn. App. 513 (1988) and McCarthy v. McCarthy, Superior Court, Judicial District of New Haven, Docket No. 343580 (November 9, 1995) (Pittman, J., 15 Conn. L. Rptr. 539) (January 29, 1996).
In a 1995 decision, Judge Stodolink found that the husband's CT Page 4010-K contractual duty to indemnify was discharged by bankruptcy.YankowSki v. Yankowski, Superior Court, Judicial District of Danbury, Docket No. 297164 (March 10, 1995) (Stodolink, J.),14 Conn. L. Rptr. 107 (June 12, 1995)
From the above cases, it is clear that the wife's obligation to indemnify the husband was discharged in bankruptcy.
Thus, the husband cannot be granted the right of setoff since the wife has no further obligation to indemnify.
In addition, the husband has a continuing duty to support and the parents cannot restrict this right to support. See Guille v.Guille, 196 Conn. 260 (1985); Burke v. Burke, 137 Conn. 74
(1950).
The defendant's motion to hold the plaintiff in contempt is denied.
The plaintiff's motion to hold the defendant in contempt is also denied since there was an honest dispute and not a willful disregard of the court's order. See Bucey v. Bucey,3 C.S.C.R. 234 (1988).
Since the defendant may now have to answer for the debts of the wife, this factor may well be considered by this court in his motion for modification and may well affect the arrearage because of possible retroactivity.
The parties, therefore, are ordered to appear in court for further proceedings on June 17, 1996 at 2 p.m. in courtroom 3 (room 2300).