[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (DOCKET ENTRY NO. 110)
The marriage of the parties was dissolved on October 30, 1996. Pursuant to the decree, the court incorporated by reference the Separation Agreement of the parties. In the agreement the parties agreed to a sale of the marital home from which the Wife would receive the net proceeds and be responsible for any negative balance owed after the sale. She agreed to save the Husband harmless from any claims concerning said property.
Unfortunately, the home was never sold and ultimately foreclosed by the first mortgagee which took title by strict foreclosure. A second mortgagee, Lafayette American Bank, pursued a deficiency judgment on its claim of $16,499.24. Subsequently, the Wife filed for personal bankruptcy in which she listed the Husband as a creditor as well as the two mortgagees. After she CT Page 9125 was discharged in bankruptcy, the Lafayette Bank levied against the Husband's bank account in the amount of $5,164.98 and pursued him for the difference plus costs and attorney's fees. He ultimately settled with the bank for the total sum of $12,000 including the levied amount. He now seeks to recover from the Wife via a Motion for Contempt alleging that she did not hold him harmless as ordered by the court.
It is clear that any debt owed by the Wife to the Husband was discharged in bankruptcy. If the Husband wished to challenge the discharge he could have appeared in the bankruptcy proceeding, a course of action he discussed with his counsel but decided against. The obligation was clearly not in the nature of alimony or support or otherwise non-dischargeable by the federal action.In Re Ammirato, U.S. Bankruptcy court, District of Connecticut,74 B.R. 605 (1987) and Freyer v. Freyer, 71 B.R. 912 (1987). The separation agreement clause was obviously in the nature of a property settlement and dischargeable. Lesser v. Lesser,16 Conn. App. 513, 517 (1988).
Accordingly, the Motion for Contempt is denied.
CUTSUMPAS, J.