[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by judgment dated February 28, 1979. There were two minor children at the time of the dissolution, who have since reached majority. The court, Jacobs, J., ordered child support of $15.00 per week for each minor child plus $1.00 per year alimony, plus $10.00 per week on arrearages.
In February of this year, the support enforcement division served a contempt citation on the defendant, alleging him to be delinquent on the periodic order, which now consists only of the $10.00 per week arrearage order, and claiming arrearages of over $11,000.00. The defendant appeared at the contempt hearing on March 17, 1999, and posed as an affirmative defense that his arrearage was discharged by bankruptcy. The matter was continued to May 13, 1999 for special hearing. Neither the plaintiff nor defendant appeared on that date. The State, however, argued that bankruptcy does not discharge a child support obligation, and has subsequently briefed the issue.
The defendant submitted into evidence a copy of a Discharge of Debtor in a matter entitled In re Thomas A. Christian, case no. 96-22507-rlk in the United States Bankruptcy Court for the District of Connecticut. This court takes judical notice that effective July 23, 1996, the defendant was released from all dischargeable debts and that any judgment with respect to debts dischargeable under 11 U.S.C. § 523 is null and void. CT Page 10144
The Bankruptcy Code, in 11 U.S.C. § 523 (a), provides in pertinent part: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . (5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that — (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned . . . to a State . . .) or (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. . . ." The arrearage claimed here is for past due child support, hence clearly falls under the11 U.S.C. § 523(a)(5) exception to the discharge. Nor is clause (5) among those set forth in paragraph 2(b) of the discharge as being nondischargeable only upon claim under 11 U.S.C. § 523
(c).
Additionally, it is noted that part of the arrearage is claimed by the State. This portion is additionally nondischargeable pursuant to 11 U.S.C. § 523(a)(18). Moreover enforcement of the order and collection of the arrearage is not barred by an automatic stay. See 11 U.S.C. § 362(a). Any automatic stay imposed at the commencement of a bankruptcy proceeding terminates upon the debtor's discharge.11 U.S.C. § 362(c)(2)(C). Thus, any stay in this case even if applicable to a debt for child support, ended on July 23, 1996.
Our courts have consistently given broad construction to various payment orders in family cases in determining what is nondischargeable in bankruptcy. In this case, however, there can be no dispute, as the payment in arrears is clearly and simply labeled child support. It is not discharged by bankruptcy, and there is no stay preventing enforcement. Lewis v. Lewis,35 Conn. App. 622, 646 A.2d 273 (1994); Lesser v. Lesser,16 Conn. App. 513, 516, 548 A.2d 6 (1988); Matthews v. Matthews, 9 S.M.D. 33, 36 (Kochiss Frankel, F.S.M 1995); Capullo v. Capullo,
4 S.M.D. 79 (Sullivan, F.S.M., 1990).
The defense based on the bankruptcy discharge is denied and the State of Connecticut and plaintiff may seek enforcement CT Page 10145 pursuant to the pending contempt citation.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate