[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
This matter is a post judgment matter for contempt for failure to pay alimony and defendant's motion for modification. The court has reviewed the evidence pertaining to both motions, finds the defendant to be $2,775.00 dollars in arrears on the court ordered alimony. The court finds the defendant is in contempt but also finds that the arrearage is due to the defendant having lost his employment. The defendant is presently receiving unemployment compensation in the amount of $309.00 per week net, down from his previous employment earnings of $975.00 per week net. The defendant, in addition, has had to pay $1,373.00 by way of judgment in favor of Sears Roebuck Co. which obligation the plaintiff was ordered to pay by Doherty, J. in the memorandum of decision dated September 3, 1998. The defendant has claimed that he should receive credit for this sum against any sum due the plaintiff since the Sears Roebuck Co., bill was the obligation of the plaintiff and she by filing for bankruptcy caused that burden to fall on the defendant. The court cannot credit the $1,373.00 judgment against the arrearage due the plaintiff. The court having reviewed the case of Lesser v. Lesser,16 Conn. App. 513 (1988), finds that in this case this obligation was a property settlement. Plaintiff's bankruptcy extinguished the obligation to hold the defendant harmless for debts listed on her financial affidavit.
Accordingly the court cannot credit that sum against the alimony arrearage. The court finds a substantial change in circumstances. Defendant's alimony order is reduced to $20.00 weekly with $5.00 per week on the arrearage until paid. The defendant is ordered to notify the plaintiff within 5 days of having obtained employment. The order herein is without prejudice to the plaintiff to move for modification upward upon the defendant's re-employment.
The court finds the contempt is not willful, accordingly awards the plaintiff the costs for filing the contempt motion. The claim for counsel fees is denied.
KOCAY, J.