## CYNTHIA FERRARO *v.* VINCENZO FERRARO (AC 16328)

Dupont, C. J., Landau, and Schaller, Js.

Submitted on briefs March 24—officially released May 20, 1997

---

*Carl J. Amento* filed a brief for the appellant (defendant).

*David P. Ball* filed a brief for the appellee (plaintiff).

*Opinion*

DUPONT, C. J. This appeal arises out of a dissolution action and primarily concerns the application of child support guidelines. The plaintiff and the defendant were married in 1988. There is one child from the marriage. The marriage was dissolved by the trial court, *Stodolink, J.,* on the ground of irretrievable breakdown on April 25, 1996.

The defendant appeals from the judgment in so far as it relates to certain child support and visitation issues. He also appeals from the denial of a motion for reargument by the trial court, *Stodolink, J.,* on August 12, 1996, and the denial, in part, of a motion to modify by the trial court, *Mihalakos, J.,* also on August 12, 1996. He claims that the trial court improperly (1) applied the deviation criteria of the Connecticut child support guidelines in determining the amount of child support he is ordered to pay, (2) ordered distribution of a savings bank account containing $10,000 from the defendant to the plaintiff, (3) gave primary custody of the child to the plaintiff and did not order the defendant's visitation time to begin on Wednesdays, (4) ordered the defendant to pay his own attorney's fees and one half of the child's attorney's fees, and (5) ordered distribution of certain

personal property to the plaintiff. We discuss only the plaintiff's first claim concerning the child support guidelines,[1] and affirm the judgments of April 25 and August 12, 1996.

The relevant facts are those that follow. In the April 25, 1996 judgment, the trial court, *Stodolink, J.*, awarded joint custody of the child to both parents, with the plaintiff having primary custody and with the defendant having visitation rights. The court ordered an alternating visitation schedule with a "long week" where the plaintiff would leave the child with the defendant on Thursday mornings and the defendant would return her to the plaintiff on Sunday evenings, and a "short week," where the plaintiff would leave the child on Thursday mornings and pick her up again on Friday evenings. The trial court ordered the defendant to pay $94.05 per week as child support. This amount was based on a "shared custody arrangement" deviation from the child support guidelines.

On May 14, 1996, the defendant filed a motion for reargument. In that motion, he claimed that several of the trial court's orders in the April 25, 1996 memorandum of decision were improper or incomplete. Specifically, the defendant sought reargument on the child support order of $94.05 per week, the distribution of the savings bank account, a tax refund and personal property to the plaintiff, the requirement that only the defendant must seek permission to take the child out of the country, attorney's fees, and the court's failure to rule on a motion for contempt and the distribution of the child's dependency allowance for tax purposes. Judge Stodolink denied the motion on August 12, 1996.

[1] The other claims of the defendant are all matters within the discretion of the trial court. We see no reason to disturb any of those orders because we conclude there was no abuse of discretion.

The defendant also filed a motion on June 13, 1996,[2] to modify the child support order as set forth in the April 25, 1996 judgment. This motion concerned a claimed improper deviation from the child support guidelines.[3] The trial court, *Mihalakos, J.*, on August 12, 1996, reduced child support to $80 per week. At the time of the hearing on the motion to modify, the plaintiff had a higher income ($505.52 instead of $488.31) and the defendant a lower income ($479.34 instead of $594.99) than at the time of dissolution. The defendant argues that, because the defendant's net weekly income, after making his child support payment, is $399.94, whereas

[2] The June 13, 1996 motion to modify was the last of several filed by the parties during the course of the action. On February 7, 1995, the plaintiff moved to modify the visitation schedule pending the dissolution. The motion was denied by the trial court, *Dennis, J.*, on March 23, 1995. The plaintiff filed another motion to modify visitation on August 24, 1995, which was partially granted by the trial court, *Dennis, J.*, in accordance with a stipulation of the parties dated November 17, 1995. Three motions followed that apparently were not ruled on by the trial court, as there is no disposition of them in the trial court file. These were a motion by the plaintiff to modify the visitation schedule as it related to transporting the child, filed on February 23, 1996, a motion by the defendant to modify moving for sole custody filed on April 3, 1996, and another motion by the defendant for either sole custody or an alteration in his visitation schedule, filed May 30, 1996. These motions may not have been ruled on because two later motions, which were ruled on by the trial court, *Mihalakos, J.*, in the August 12, 1996 order, covered some of the same issues. These were a motion to modify filed by the plaintiff on May 31, 1996, again regarding transportation of the child, and the defendant's motion to modify filed June 13, 1996, regarding the child support payments as reduced by the child support guidelines.

The judgment of August 12, 1996, followed this last motion to modify and is one of the subjects of this appeal. At least five different judges have been asked to rule on the various motions filed.

[3] Prior to the judgment of dissolution, pendente lite orders were rendered on January 30, 1995, ordering shared custody of the child, which provided that the child live with the defendant during one week from Wednesday morning to Saturday noon, and with the plaintiff from Saturday noon to Wednesday morning, and during the alternate weeks, with the defendant from Wednesday morning to Sunday noon, and with the plaintiff from Sunday noon to Wednesday morning. Because of this order, the court, *Moraghan, J.*, found the application of the child support guidelines to be inequitable and ordered no child support to or from either party.

the plaintiff's net weekly income, after receiving the child support payment of $80, is $585.52, and the amount of time the child spends with each parent is nearly equal, the court abused its discretion in ordering a child support payment of $80. The defendant also claims that the reduction due to the shared custody arrangement is inequitable because on an average basis the child is with him only one-half day less per week than with the plaintiff.

The judge who rendered the dissolution orders and the judge who rendered the modification order both found that application of the amount of support as determined by the guidelines would be inequitable because of the shared custody arrangement. It is the amount of the deviation that is at issue in this case, not whether a deviation from the guidelines was necessary. See *Favrow* v. *Vargas*, 231 Conn. 1, 29, 647 A.2d 731 (1994).

The judgment of child support rendered at the time of the dissolution need not be disturbed. It was rendered as part of an entire financial settlement, the guidelines were considered, the defendant had more disposable income than the plaintiff, and the plaintiff had the care of their child for a greater period of time during any two week period. We conclude that there was no abuse of discretion.

We also conclude that the subsequent modification of the child support award was not an abuse of discretion. The purpose of a child support order is to provide for the care of the child, rather than to equalize the net income of the parents. *Battersby* v. *Battersby*, 218 Conn. 467, 473, 590 A.2d 427 (1991). Although the income of each parent is one factor in the determination of the proper amount of child support, the difference in the amount of the plaintiff's and the defendant's incomes at the time of the modification hearing is not significant

enough to support a conclusion that the court abused its discretion in failing to modify child support below $80 per week. The court took into account all of the factors involved in child support, including the shared custody arrangements of the parties, deviated from the child support guidelines, and determined an amount to be paid by the defendant. The exercise of discretion in cases like this involves more than counting the number of meals a child eats in the home of each parent, and more than computation of the hours spent under the roof of each parent.

The judgments are affirmed.

In this opinion the other judges concurred.