[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S MOTION TO MODIFY (#201)
Before the court is the plaintiff's motion to modify child support and insurance
 "When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . If the court finds a substantial change in circumstances, it may properly consider the motion. . . . The inquiry is limited . . . to comparison between the current conditions and the last court order."
Crowley v. Crowley, 46 Conn. App. 87, 92, 699 A.2d 1029 (1997). See General Statutes § 46b-86 (a).
The plaintiff has presented evidence that since the last court order was entered in 1991, the defendant's earnings have increased substantially. "[A] dramatic increase in the income of one of the parties may constitute a substantial change in circumstances . . .
The court may therefore consider the plaintiff's motion.
"The child support guidelines shall be considered in all determinations of child support amounts." Baker v. Baker,47 Conn. App. 672, 676 (1998). An exception to this exists
 "When the parents' combined net weekly income exceeds $1,750 awards shall be determined on a case-by-case basis, and the amount of support prescribed at the $1,750 level shall be the minimum presumptive level." Section 46b-215a-2 (a) Guidelines Regulations.
"The purpose of a child support order is to provide for the care of the child, rather than to equalize the net income of the parents." Ferraro v. Ferraro, 45 Conn. App. 230, 234, 695 A.2d 23
(1997) citing Battersby v. Battersby, 218 Conn. 467, 473,590 A.2d 427 (1991).
The plaintiff's annual net income is $132,500. The defendant's annual net income is $105,300. The parties' combined annual net income is $237,800. The defendant's portion of the total is 44.4%. The minimum presumptive level for two children whose parents' combined net weekly income exceeds $1,750 is $480 weekly. The defendant's share is $213 weekly. The child support order is modified accordingly. No retroactivity is ordered. First payment shall be due June 1, 1998. CT Page 6144
The plaintiff also asks this court to modify the existing agreement regarding the children's medical insurance. Specifically, the plaintiff asks that the court order that "the children be covered by her insurance and that [the defendant] be liable for one-half the cost of the children's insurance plus responsible for one-half the cost of unreimbursed expenses." The current agreement requires only that the defendant maintain "Blue Cross, Blue Shield, or their equivalent, and Major Medical Insurance for the benefit of the minor children." The plaintiff is required to "pay all usual and ordinary unreimbursed . . . health expenses on behalf of the children." The court will not rewrite this provision and this portion of the motion is denied.
So ordered, that the defendant shall pay child support of $213 weekly to the plaintiff for the support of their two children, first payment due June 1, 1998.
HARRIGAN, J.