[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR APPEAL
CT Page 12499
This is an appeal from an order of a family support magistrate.
The marriage of the parties was dissolved in 1994. There remains one minor child issue of the marriage. The gravamen of the plaintiff-petitioner's appeal is that the magistrate erred in failing to allow him a credit, in toto, against his payment order for current support and arrearage.
An arrearage liability was incurred by the defendant-respondent while she was the noncustodial parent. The defendant then gained custody. The plaintiff, now that he is the non-custodial parent, asked the magistrate to suspend his support payments until such time as they equal the defendant's arrearage due to him. The magistrate declined, instead ordering each party to pay arrearage liabilities to the other on a weekly basis. This appeal followed.
An appeal from a decision of a family support magistrate is a matter of statute. C.G.S. § 46b-231(n). "The appeal shall be conducted by the Superior Court without a jury and shall be confined to the record and such additional evidence as the Superior Court has permitted to be introduced. The Superior Court, upon request, shall hear oral argument and receive written briefs." C.G.S. § 46b-231 (n)(6). C.G.S. § 46b-231(n)(7) recites the grounds upon which a reviewing court may sustain an appeal and thereby reverse a decision of a family support magistrate. The only ground for reversal urged here is that the decision of the family support magistrate was "arbitrary." C.G.S. § 46b-231(n)(7)(F).
The plaintiff's claim must be rejected for at least three reasons. First, in setting child support and arrearage orders, a court (here, the magistrate) must consider the Child Support Guidelines. C.G.S. § 46b-215b; Savage v. Savage,25 Conn. App. 693 (1991). The plaintiff makes no claim that the magistrate failed either to consider or apply the guidelines or the deviation criteria contained therein. Having failed to make and articulate such a claim, it is difficult to understand how the orders of the magistrate were "arbitrary." "Arbitrary" means "[w]ithout adequate determining principle . . . not governed by any fixed rules or standard." Blacks Law Dictionary (5th Ed.)" CT Page 12500State v. S R Sanitation Services, Inc., 202 Conn. 300, 312
(1987). There has been no showing that the magistrate's orders were "arbitrary."
Second, it would be unwise as a matter of policy to have an inflexible rule that a child support obligor would always be entitled to offset against his obligations an arrearage owed to him by a present obligee. The purpose of child support orders is to help assure the economic well-being of the minor child. Their purpose is to provide for the care of the child. Ferraro v.Ferraro, 45 Conn. App. 230 (1997). The minor child's right to parental support has an independent character, separate and apart from the terms of the support obligations as set out in the judgment of dissolution. Guille v. Guille, 196 Conn. 260, 263
(1985). To adopt the result the plaintiff requests would be to jeopardize that right not once but twice: once when the first party's arrearage accumulates, and again when the other party's liability is suspended in satisfaction thereof. In fact, that is exactly what has already occurred here by way of the parties self help.[1]
Third, the plaintiff is not without a remedy. He can bring a contempt motion against the defendant if she fails to make the ordered weekly payments against her arrearage. A contempt finding and order may afford at least partial relief to the plaintiff.
For the foregoing reasons, the plaintiff's appeal is dismissed.
So Ordered.
KAVANEWSKY, J.