[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: POST-JUDGMENT MOTION FOR CONTEMPT
The marriage of the plaintiff, Anne Marie Coburn, and the defendant, Gordon J. Coburn, was dissolved pursuant to a divorce decree entered on August 4, 1994. The plaintiff has brought a motion to hold the defendant in contempt for failure to comply with the judgment, which incorporated a separation agreement between the parties, and the subsequent modification of the judgment by stipulation on February 3, 1997. The plaintiff claims that the defendant has violated provisions dealing with child support, providing health insurance for the child and alimony.
I. Child Support
On February 3, 1997, the parties modified by stipulation their separation agreement that was incorporated in their divorce. The stipulated agreement states: "Father shall pay child support in the amount of $50.00 weekly." The plaintiff alleges that the defendant has failed to pay her child support, and thus, the defendant is in arrears in the sum of $5,400.00. The defendant claims that he has paid child support in an amount equivalent to $50.00 per week or more directly to the minor child. The defendant argues that, since the agreement does not state that the payments should be payable to the plaintiff and the child support guidelines statute, General Statutes § 46b-215, does not provide that payments must be made payable to the custodial parent, he has fulfilled his obligation to pay child support pursuant to the stipulated agreement by paying his minor child directly.
The defendant, however, admits that the "purpose [of] child support is to allow the custodial parent the resources required CT Page 14721 to adequately maintain the household for the parties child or children." (Brief of Defendant's Opposition to the Plaintiff's Motion for Contempt, p. 4.) See also, Ferraro v. Ferraro,45 Conn. App. 230, 234, 695 A.2d 23 (1997). The defendant claims that the plaintiff had access to the support payments because he made the child support payments directly payable to the minor child and the minor child then endorsed the checks to the plaintiff. The Court is in possession of the checks, and it is divorce. The stipulated agreement states: "Father shall pay child support in the amount of $50.00 weekly." The plaintiff alleges that the defendant has failed to pay her child support, and thus, the defendant is in arrears in the sum of $5,400.00. The defendant claims that he has paid child support in an amount equivalent to $50.00 per week or more directly to the minor child. The defendant argues that, since the agreement does not state that the payments should be payable to the plaintiff and the child support guidelines statute, General Statutes § 46b-215, does not provide that payments must be made payable to the custodial parent, he has fulfilled his obligation to pay child support pursuant to the stipulated agreement by paying his minor child directly.
The defendant, however, admits that the "purpose [of] child support is to allow the custodial parent the resources required to adequately maintain the household for the parties child or children." (Brief of Defendant's Opposition to the Plaintiff's Motion for Contempt, p. 4.) See also, Ferraro v. Ferraro,45 Conn. App. 230, 234, 695 A.2d 23 (1997). The defendant claims that the plaintiff had access to the support payments because he made the child support payments directly payable to the minor child and the minor child then endorsed the checks to the plaintiff. The Court is in possession of the checks, and it is apparent that, while the defendant sent checks payable to the minor child, the checks were not endorsed to the plaintiff. Thus, the plaintiff did not have access to the child support and the defendant has failed to provide child support in a manner to allow the plaintiff, the custodial parent, the resources required to adequately maintain and support the household for the parties' minor child in violation of the stipulated modification of the August 4, 1994 judgment.
II. Health Insurance
The separation agreement provides that "[t]he [defendant] shall provide medical, dental and psychological insurance for the CT Page 14722 minor child as available through his employment." (Separation Agreement, III. B.). The plaintiff claims that the defendant violated the separation agreement by failing to provide health insurance and that she has expended $1,767.00 in payment of medical expenses for the child. The defendant claims that he does not have a duty to provide health insurance for his minor child because he no longer has health insurance available through his employment. Although this may well be true, the defendant has not sought modification of the separation agreement and the provision of the agreement requiring the defendant to provide health insurance is still binding.
A judgment rendered in accordance with the agreement of the parties is to be regarded and construed as a contract. Barnard v.Barnard, 214 Conn. 99, 109, 570 A.2d 690 (1990). "A contract is to be construed as a whole and all relevant provisions will be considered together. . . . In giving meaning to the terms of a contract, we have said that a contract must be construed to effectuate the intent of the contracting parties. . . . In ascertaining intent, we consider not only the language used in the contract but also the circumstances surrounding the making of the contract, the motives of the parties and the purposes which they sought to accomplish. The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used." Id., 109-110.
The intention of the parties expressed in the language of the agreement incorporated in the judgment shows a clear intent that the defendant has a duty to provide the minor child with health insurance. There are no contingency provisions for health insurance obligations if the defendant no longer has health insurance available through his employment. The agreement has not been modified. Therefore, the defendant has failed to comply with the agreement by not providing health insurance and owes the plaintiff $1767.00 in unreimbursed medical expenses.
III. Alimony
The separation agreement provides in pertinent part: "Article II. Alimony . . . B. Each party shall pay alimony to the other in the amount of one dollar ($1.00) per year for the sole and limited purpose of securing enforcement of the hold harmless and CT Page 14723 debt indemnity provisions contained herein. Said alimony shall be non-modifiable for any other purpose or reason and shall terminate when the respective debts are paid. . . . Article V. Debts . . . C. The husband shall be solely responsible for and pay the loan to Watertown Federal Credit Union and all of the debts listed on his financial affidavit and hold the wife harmless therefrom."
The plaintiff, claims that the defendant has violated the hold harmless provision by failing to make payments to Watertown Federal Credit Union, and consequently, the defendant owes debt in excess of $25,567.00. The plaintiff also claims that the defendant has failed to pay the Credit Union Visa, a credit card listed on his financial affidavit, and owes a debt in excess of $3,075.00. The defendant claims that the debts were properly discharged in bankruptcy by order dated February 26, 1996 because it is in the nature of a property settlement, not alimony. The issue for the court to decide is whether the hold harmless provision creates a nondischargeable debt under federal bankruptcy law as alimony, maintenance or support.
Although the defendant's discharge occurred prior to this action, the court has jurisdiction to determine whether or not the debt is dischargeable. "Unlike dischargeability questions based on § 523(a)(2), (4) (6), where debts are automatically discharged unless the creditor asks the bankruptcy court to make a determination of nondischargeability, a debtor's obligation to a former spouse or child is either discharged or not, pursuant to 523(a)(5), based upon the nature of that obligation regardless of whether or not the bankruptcy court has been asked to pass upon the issue. See 11 U.S.C. § 523(c). The question of dischargeability is, thus, preserved and, should there be any dispute, may be determined by the state courts in connection with proceedings to enforce the obligation." Lewis v. Lewis,35 Conn. App. 622, 626-27, 646 A.2d 273 (1994).
"Section 523(a)(5) of the Bankruptcy Code provides as follows: `A discharge . . . does not discharge an individual debtor from any debt-(5) to a . . . former spouse . . . for alimony to, maintenance for, or support of such spouse . . . in connection with a . . . divorce decree . . . .' In contrast, obligations assumed as part of property settlements are discharged. If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a . . . divorce proceeding, such debt is dischargeable to the extent that [it] is not actually in CT Page 14724 the nature of alimony, maintenance, or support of debtor's spouse." Lesser v. Lesser, 16 Conn. App. 513, 516, 548 A.2d 6, cert. denied, 210 Conn. 802, 553 A.2d 615 (1988). As noted by the court in Peabody v. Peabody, Superior Court, judicial district of New London at New London, Docket No. 504914 (July 11, 1995,Teller, J.), Congress has chosen a preference for former spouses over bankrupts with regard to indemnification and hold harmless obligations. "[P]rovision § 523(a)(5) will . . . make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement. H.R. Rep. No. 595, 95th Cong., 1st Sess. 364 (1977)." Peabody v. Peabody, supra.
"Courts have a list of factors to examine in determining whether a particular transaction constitutes a nondischargeable duty such as alimony, maintenance or support, or whether it is a property settlement and therefore, dischargeable. . . . The following factors are taken into account: (1) whether the obligation terminates on the death or remarriage of the debtor's spouse; (2) whether the payments appear to balance disparate income; (3) whether the payments are made to a third party or the ex-spouse; (4) whether the obligation terminates at the end of a specified event (i.e., children are out of school, debt is satisfied, etc.); and (5) what was the intent of the parties."Lesser v. Lesser, supra, 16 Conn. App. 516-17.
The defendant argues that the issue of dischargeability has been determined in his favor, citing Yankowski v. Yankowski, Superior Court, judicial district of Danbury, Docket No. 297164, (March 10, 1995, Stodolink, J.), and Oakley v. Oakley,39 Conn. Sup. 13, 466 A.2d 1197 (1983). These cases are distinguishable from the current case.
In Yankowski, the decree contained a hold harmless provision and a provision allowing alimony in the amount of one dollar per year until "December 31, 1998, death of either party, or the re-marriage of the plaintiff, whichever event first occurs" which was modifiable only if the plaintiff was incapable of employment due to physical or mental disability. Yankowski v. Yankowski, Superior Court, judicial district of Danbury, Docket No. 297164, (March 10, 1995, Stodolink, J.). In a prior court hearing, the CT Page 14725 plaintiff's counsel stated that the debt was dischargeable when asked by the court whether the debt was an alimony obligation or a property settlement. Id. The court determined that the hold harmless provision of the decree was in the nature of a property settlement because "the plaintiff was bound by her judicial admission that the defendant's obligation as set forth in the hold harmless provision . . . is dischargeable." Id. The plaintiff in this case has never admitted that the debt provision is in the nature of a property settlement or that it is dischargeable.
The court in Oakley determined that a debt provision in a separation agreement incorporated into a judgment was dischargeable as a property settlement where the provision did not provide that the party assuming responsibility for the debt would hold the other party harmless and the separation agreement specifically stated that the plaintiff will not seek alimony.Oakley v. Oakley, supra, 39 Conn. Sup. 14. In contrast, the decree at issue contains a hold harmless provision and a provision for alimony. Thus, the courts' determinations inYankowski and Oakley are not dispositive of the issues before the court because the facts vary significantly.
The court in Peabody, however, faced a factual situation which was similar to the case at hand. The court in Peabody had to determine the issue of dischargeability with regard to the following provisions in a divorce decree: "the defendant shall be responsible for payment of the second mortgage in favor of Russell Hicks in the amount of $28,000 and shall indemnify and hold the plaintiff harmless therefrom. And it is ordered that the defendant shall pay to the plaintiff as periodic alimony the sum of One ($1.00) Dollar per year to terminate upon such time as the defendant satisfies the Hicks mortgage and is able to record a release of mortgage from Russell Hicks. During the term of periodic alimony its amount shall be subject to modification only in the event that the defendant does not fulfill his obligation to indemnify, the plaintiff with respect to said mortgage or in the event the defendant does not pay any of the debts associated with his business and creditors thereof who bring any claims against the plaintiff. In either event the amount of alimony shall be subject to modification by the court." Peabody v.Peabody, Superior Court, judicial district of New London at New London, Docket No. 504914, (July 11, 1995, Teller, J.). Judge Teller found that "the defendant's obligation to indemnify the plaintiff was needed by her to maintain her standard of living CT Page 14726 and her home, and this was actually in the nature of alimony, maintenance or support, within the meaning of § 523(c)(5)." (Internal quotation marks omitted.) Id.
Bearing in mind the factors listed in Lesser and Judge Teller's well reasoned decision in Peabody, it is clear that the intent of the parties as expressed in the separation agreement is that the debt obligation is in the nature of alimony, not a property settlement. The language of the agreement clearly states that the $1.00 per year alimony was for the purpose of securing the enforcement of the hold harmless and debt indemnity provisions. Furthermore, the plaintiff argues, and the defendant has not disputed, that at the time of the dissolution of the marriage, the parties had disparate incomes because the plaintiff was unemployed and the defendant was employed. The plaintiff claims that her lack of income and ability to maintain herself at the time of dissolution supports a finding that the debt provisions were in the nature of alimony and support because the provision was an attempt to balance disparate incomes and allow her to seek employment without being tied to the debt.
In consideration of all of these factors, the court holds that the debt provision is in the nature of alimony because the debt indemnification was needed to allow the plaintiff to maintain and support herself and the debt, therefore, is not dischargeable under federal bankruptcy laws. "Indeed to hold otherwise would permit one of the parties to deceive the other or unilaterally reject an agreement; or undermine the integrity of the original trial court's intent to award modifiable alimony if it were to be needed under the circumstances described. See In reCatron, 164 B.R. 912, 917 (E.D.Va. 1994) (failing to give effect to the clearly expressed intent of the parties to a separation agreement `would invite profound mischief and encourage parties to divorce proceedings and their counsel to make agreements that do not reflect their true intent, or worse still, that they do not intend to keep')." Peabody v. Peabody, Superior Court, judicial district of New London at New London, Docket No. 504914 (July 11, 1995, Teller, J.). The defendant must thereby hold the plaintiff harmless with regard to the Watertown Federal Credit Union loan and the credit card debt listed on the defendant's affidavit at the time of the dissolution in the amount of $28,642.00. The defendant is currently in contempt for failing to make payments on the debts in violation of the decree.
In sum, the defendant is in contempt for failing to comply CT Page 14727 with the divorce decree because he owes the plaintiff $5,400.00 in child support arrears and $1,767.00 in unreimbursed medical expenses for the minor child, and the defendant has failed to hold the plaintiff harmless with respect to a debt of $28,642.00 that is in the nature of alimony.
The court will retain jurisdiction of this case and will order it to be rescheduled for further proceedings concerning the contempt.
By the court,
GILL, J.