CLAUDETTE J. NARCISCO *v.* PAUL R. BROWN ET AL.
(AC 20831)

Lavery, C. J., and Schaller and Flynn, Js.

Argued March 20—officially released May 29, 2001

*Paul D. Buhl,* for the appellants (defendants).

*Claudette J. Narcisco*, the appellee (plaintiff), pro se, with whom, on the brief, was *Kenneth M. Jacks*.

*Opinion*

LAVERY, C. J. The defendants[1] appeal from the judgment of the trial court in favor of the plaintiff on her two count complaint. We affirm the judgment of the trial court with the exception of the $625 in attorney's fees that the court awarded to the plaintiff on the first count of her complaint.

The following facts are relevant to this appeal. The plaintiff, an attorney, brought this collection action in two counts. In the first count, the plaintiff alleged that in July, 1996, she was retained by the defendants to perform services in a real estate matter involving the Silver Meadow Condominium Association. The plaintiff alleged that the defendants agreed to pay her $100 per hour through December 31, 1997, and $110 per hour as of January 1, 1998. The plaintiff claimed that the defendants owed her the sum of $4845.70 for her work in that matter. In the second count, the plaintiff alleged that on or about July 28, 1997, the defendants retained her in a foreclosure action pursuant to a signed retainer agreement. The agreement provided that the defendants were to pay the plaintiff $100 per hour and to reimburse the plaintiff for any out of pocket costs. The agreement also provided that the defendants would be responsible for all costs of collection, attorney's fees and statutory interest for unpaid balances. The plaintiff claimed that the defendants owed her the sum of $9863.47 for her work in that matter.

---

[1] Count one of the plaintiff's complaint is directed against Paul R. Brown, doing business as Greentrees, LLC, and/or Greentrees Development, LLC, and/or Greentrees, Ltd., and Decorator Telephone Company, Inc. Count two is directed against Paul R. Brown and Decorator Telephone Company, Inc. The present appeal was filed by Paul R. Brown, Greentrees Development, LLC, and Decorator Telephones, Inc.

The plaintiff prevailed at trial and was awarded $4414.57 plus $625 in attorney's fees on the first count, and $9663.47 plus $1450 in attorney's fees on the second count. The defendants filed the present appeal.

I

The defendants challenge the court's award of attorney's fees on each count of the plaintiff's complaint.

The defendants first argue that the court improperly awarded attorney's fees on count one, the Silver Meadow case, where there was no evidence of a contractual or statutory basis for such an award. We agree.

"In the United States, the general rule of law known as the American Rule is that a prevailing litigant ordinarily is not entitled to collect a reasonable attorney's fee from the opposing party as part of his or her damages or costs. . . . There are certain exceptions to this rule. . . . In the main, exceptions are based upon statutory or contract provisions authorizing the recovery of attorney's fees by a prevailing litigant. . . . Attorney's fees may also be awarded as a component of punitive damages." (Citation omitted; internal quotation marks omitted.) *Raph* v. *Vogeler*, 45 Conn. App. 56, 65, 695 A.2d 1066, cert. denied, 241 Conn. 920, 696 A.2d 342 (1997). In the present case, no exception exists that would justify the award of attorney's fees on count one.[2] We, therefore, vacate that portion of the court's award.

---

[2] In so holding, we note the defendants' reliance on General Statutes § 42-150aa, entitled "Attorney's fees limited in actions on consumer contracts or leases." That statute provides: "(a) The holder of any contract or lease entered into on or before October 1, 1979, the subject of which is money, property or services intended to be used primarily for personal, family or household purposes and which contains a provision for payment of attorney's fees of a creditor, seller or lessor, shall not receive, claim or collect any payment for attorney's fees (1) for an attorney who is a salaried employee of such holder or (2) prior to the commencement of a lawsuit.

"(b) If a lawsuit in which money damages are claimed is commenced by an attorney who is not a salaried employee of the holder of a contract or lease subject to the provisions of this section, such holder may receive or collect attorney's fees, if not otherwise prohibited by law, of not more than

The defendants next argue that the court improperly awarded attorney's fees to the plaintiff on the second count when there was no evidence of attorney's fees presented to the court. The defendants, relying on *Storm Associates, Inc.* v. *Baumgold,* 186 Conn. 237, 440 A.2d 306 (1982), argue that because the plaintiff failed to offer any evidence as to the amount of attorney's fees incurred, the award of attorney's fees was improper. We disagree.

The parties' contract regarding the foreclosure matter specifically states: "It is further understood that if client defaults in payment of the fee and/or costs, he/she shall be responsible for all costs of collection and attorney's fees incurred therein and statutory interest for unpaid balance(s)." The contract, therefore, authorizes an award of attorney's fees. The court awarded $1450 to the plaintiff as attorney's fees for her work in this matter. The court's decision, however, does not indicate how it calculated this amount, and the defendants did not seek an articulation from the court in this regard.

It is the appellant's duty to furnish this court with a record that is adequate to afford review. See Practice Book § 60-5. Without knowing the basis for the court's award, any decision by this court respecting this claim would be entirely speculative. *Alix* v. *Leech,* 45 Conn. App. 1, 5, 692 A.2d 1309 (1997). In view of the inadequate record, we decline to review this claim.

## II

The defendants raise several claims regarding the calculation of the plaintiff's fees. The defendants first claim that the court improperly awarded damages for hourly charges to the plaintiff for work done prior to trial in the foreclosure case. The defendants further

fifteen per cent of the amount of any judgment which is entered." General Statutes § 42-150aa.

claim that the court improperly found that the plaintiff had sustained her burden of proof regarding damages where she could not specify the amount on her billings that were improper charges for secretarial time. The defendants' final claim is that the plaintiff already has been paid the full value of services rendered to the defendants.

As with the defendants' claim regarding attorney's fees on count two of the plaintiff's complaint, the record is inadequate to review these claims. The court's memorandum of decision is silent regarding its interpretation of the fee agreement in the foreclosure case, and, absent an articulation of the court's reasoning, we are unable to review the claim that the plaintiff billed for work done prior to that action. Similarly, although the court found that it was improper for the plaintiff to bill at her own hourly rate when she performed a secretarial task,[3] the court made no findings regarding a secretary billing for his or her time at the plaintiff's hourly rate. We are, therefore, unable to review that claim.[4]

The judgment is reversed only as to the award of attorney's fees on count one and the case is remanded with direction to render judgment as on file except as modified to eliminate the award of attorney's fees on count one.

In this opinion the other judges concurred.

---

[3] The court credited the balance due on the foreclosure case by $200 as a result of this billing.

[4] The defendants' last claim is that the plaintiff already has been paid the full value of services rendered to the defendants. Specifically, the defendants argue that the plaintiff was paid for 60 percent of the invoices that she submitted and that, coupled with the plaintiff's improper billing, the plaintiff has failed to establish that she was entitled to any more than she received. Our conclusion that there is an inadequate record to review the defendants' claim of improper billing is dispositive of this claim as well.