## HAROLD BRENT *v.* SANDRA P. LEBOWITZ
### (AC 21073)

Landau, Schaller and Mihalakos, Js.

Argued September 25, 2001—officially released January 1, 2002

*Emily J. Moskowitz*, with whom was *Robert J. Kor*, for the appellant (defendant).

*Mark Miller*, for the appellee (plaintiff).

*Opinion*

MIHALAKOS, J. The defendant, Sandra P. Lebowitz, appeals from the judgment of the trial court ordering past due child support to be paid by the plaintiff, Harold Brent, in an amount less than that prescribed by the child support guidelines. The defendant claims that the court improperly (1) failed to award child support retroactively to the date of birth of the minor child, (2) based its failure to order retroactive child support on a prior agreement of the parties, and (3) failed to apply the child support and arrearage guidelines (guidelines) to the child support arrearage owed by the plaintiff. We reverse the judgment of the trial court.

The following undisputed facts are relevant to our disposition of the defendant's appeal. The parties, who have never been married to one another, are the parents of a minor child born on July 20, 1995.[1] In March, 1996, the parties entered into an agreement whereby the plaintiff acknowledged the minor child as his daughter and agreed to pay $400 per month child support. In November, 1996, the defendant signed a letter memorializing the March agreement.

On December 7, 1998, the plaintiff filed a complaint seeking visitation with the child. In her answer, the defendant denied that the plaintiff was the father of the child. The defendant, however, in her cross complaint for custody, requested current child support and child support arrearage from the plaintiff. On January 13, 1999, the court referred the case to family relations for visitation mediation and ordered the parties to return to court to determine financial issues. Thereafter, the court ordered the plaintiff to pay, from January 13, 1999, current child support in accordance with the guidelines and child support arrearage in accordance with the parties' agreement.[2] This appeal followed.

"As has been repeatedly stated by this court, judicial review of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the [trial] court correctly applied the law and could reasonably have concluded as it did. . . . *Holley* v. *Holley*, 194 Conn. 25, 29, 478 A.2d 1000 (1984). Our function in reviewing such discretionary decisions is to determine whether the decision of the trial court was clearly erroneous in view of the evidence and pleadings in the whole record. Practice Book § 4061 [now § 60-5]. *Turner* v. *Turner*, 219 Conn. 703, 709, 595 A.2d

---

[1] Although the plaintiff filed a motion to appoint an attorney for the child, none was appointed.

[2] It does not appear from the record that the plaintiff filed a financial affidavit.

297 (1991). With respect to the financial awards in a [custody matter], great weight is given to the judgment of the trial court because of its opportunity to observe the parties and the evidence. . . . *Holley* v. *Holley,* supra, 29." (Internal quotation marks omitted.) *Unkelbach* v. *McNary,* 244 Conn. 350, 366, 710 A.2d 717 (1998). For that reason, we allow "every reasonable presumption . . . in favor of the correctness of [the trial court's] action." (Internal quotation marks omitted.) *Charpentier* v. *Charpentier,* 206 Conn. 150, 155, 536 A.2d 948 (1988); see also *Unkelbach* v. *McNary,* supra, 366.

The defendant first claims that the court improperly failed to award child support retroactively to the date of birth of the minor child. Because our resolution of the remaining claims is dispositive of the defendant's appeal, we do not reach this claim.

The defendant next claims that the court improperly failed to apply the guidelines to its order for child support arrearage by finding that the issue was controlled by a prior agreement of the parties. Finally, the defendant claims that the court improperly failed to apply the guidelines to the child support arrearage owed by the plaintiff. We agree with the defendant. Because the defendant's second and third claims are interrelated, we address them together.

General Statutes § 46b-215b[3] provides that the guidelines shall be considered in all determinations of child

---

[3] General Statutes § 46b-215b (a) provides in relevant part: "The child support and arrearage guidelines promulgated pursuant to . . . section 46b-215a shall be considered in all determinations of child support amounts and payment on arrearages and past due support within the state. In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support or payment on any arrearage or past due support to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under criteria established by the commission under section 46b-215a, shall be sufficient to rebut the presumption in such case."

support amounts, including child support arrearages.[4] Section 46b-215a-3 (a) of the Regulations of Connecticut State Agencies provides in relevant part that "the amount of the arrearage [payments] calculated under section 46b-215a-4a of the Regulations of Connecticut State Agencies, are presumed to be the correct amounts to be ordered. The presumption regarding each such amount may be rebutted by a specific finding on the record that such amount would be inequitable or inappropriate in a particular case. Any such finding shall state the amount that would have been required under such sections and include a justification for the variance. Only the deviation criteria described in this section establish sufficient bases for such findings."

The guidelines "[require] the trial court first [to] determine on the record the amount of support indicated by the guidelines schedule before determining whether to deviate from that amount." (Internal quotation marks omitted.) *Unkelbach* v. *McNary*, supra, 244 Conn. 369. Furthermore, "[a]rrearage payments are addressed at length and in extensive detail in the guidelines, and as a result the trial court's discretion in setting arrearage payments is closely circumscribed by the breadth of the law that it must apply." Id., 367.

The defendant argues that the court improperly based the child support arrearage order on the March, 1996 agreement because, as a parent, she cannot contract away the rights of her child. Furthermore, she argues that she was coerced into signing the agreement.[5]

---

[4] Section 46b-215a-1 (2) of the Regulations of Connecticut State Agencies provides in relevant part: " 'Arrearage' is synonymous with 'past-due support' and means any one or a combination of the following . . . (C) support due for periods prior to an action to establish a child support order, provided such amounts are based upon the obligor's ability to pay during the prior periods if known or, if not known, on the obligor's current ability to pay if known or, if not known, upon assistance rendered to the obligor's child."

[5] The court found that "both parties entered into these agreements willingly with full knowledge of their financial impact." The defendant did not ask the court to articulate the factual basis of that finding. It is the appellant's

The facts in this case are analogous to those in *Baker* v. *Baker*, 47 Conn. App. 672, 707 A.2d 300 (1998). In *Baker*, the trial court had issued a support order in accordance with the parties' previous financial agreements without identifying the deviation criteria that justified the order. This court stated that "[b]ecause the trial court did not justify its decision to deviate from the guidelines on one of the deviation criteria set forth in the regulations, we cannot conclude that the trial court properly relied on the terms of the parties' previous financial agreements to justify a deviation from the guidelines." Id., 677. Accordingly, support agreements that are not in accordance with the financial dictates of the guidelines are not enforceable unless one of the guidelines' deviation criteria is present, such as when the terms of the agreement are in the best interest of the child. See Regs., Conn. State Agencies § 46b-215a-3 (b) (6) (B).

The plaintiff argues that the court properly concluded that retroactive application of the guidelines would be inappropriate because the court found that the plaintiff had not neglected or refused to make payments as required by General Statutes § 46b-215. That argument is misplaced.

The court did not follow the procedures mandated by § 46b-215b and the guidelines with regard to child support arrearage. There was no calculation of the presumptively correct support order. The court did not make a specific finding on the record that application of the general rule would be inequitable or inappropriate under these circumstances. The court merely stated that "[a]fter reviewing the testimony and briefs filed by the parties, the court finds that the agreement of the

duty to furnish this court with a record that is adequate to afford review. See Practice Book § 60-5. In light of the inadequate record, we decline to review this claim. See *Narcisco* v. *Brown*, 63 Conn. App. 578, 581, 777 A.2d 728 (2001).

parties is controlling up to and including January 13, 1999 . . . ."

The court did not substantiate its decision by making the explicit findings mandated by the guidelines, nor did it restrict its deviation to the criteria prescribed by the guidelines. Thus, the court improperly applied the law, and, therefore, abused its discretion.

The judgment is reversed as to the determination of child support arrearage and the case is remanded for a determination of the plaintiff's child support arrearage in accordance with the child support guidelines.

In this opinion the other judges concurred.