[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTIONS FOR CONTEMPT AND TO MODIFY POST JUDGMENT DATED MAY 15, 2001 (#128 and #127)
The parties married on June 28, 1986. They have one (1) child issue of the marriage, to wit: Krystal Rose born September 19, 1989. On or about February 17, 1993 the parties entered into an agreement and stipulation in connection with their pending dissolution of marriage action.
On March 26, 1993, the court (Steinberg, J.) dissolved the marriage and incorporated the agreement and stipulation into the judgment.
The relevant portions of the agreement and hence the judgment are as follows:
5. Child Support: The Husband shall pay to the Wife as child support the weekly sum of $131.78 Dollars to be paid weekly for the child.
13. Amendments: An amendment of any of the provisions of this agreement shall be effective only if made in writing (emphasis added) with the same formality as the agreement itself, or by order of any court having jurisdiction to modify the agreement.
The financial affidavits filed by the parties at the time of judgment revealed the following: the plaintiff's net weekly income was reported to be $750 and that of the defendant $561. Based upon the limited information available and the Child Support Guidelines then in existence it would appear that the $131.78 weekly child support agreed to by the parties fell within the framework of the guidelines.
The court heard the motions on September 27, 2001. Counsel for the parties were ordered to file briefs and upon the motion of the plaintiff heard January 31, 2002 the plaintiff was allowed to supplement the record with further testimony of the defendant.
The essential facts are not in dispute. The defendant has never paid the amount he agreed to and as ordered and his payments have been on a monthly basis as opposed to weekly. In her motion for contempt the plaintiff claims that the arrearage at the time she filed her motion amounted to $12,960. Said amount was computed by multiplying $131.78 by the number of weeks that had elapsed from the date the order was entered CT Page 2581 to the date of her motion less the amounts actually paid by the defendant. The defendant does not dispute the amount as computed but claims he does not owe any amounts to the plaintiff for the following reasons. The defendant claims that the plaintiff agreed that she would accept less child support and did so on more than one occasion. The plaintiff claims she merely acquiesced in taking the lesser amount because that's all the defendant would pay her and her acquiescence was based upon duress. None of the alleged agreements were in writing. The plaintiff did not pursue any court intervention until she filed the instant motions.
In April of 2001 the defendant sought to prevent the plaintiff form moving to Florida with the minor child. He further claims that the instant motions were filed by the plaintiff in retaliation for his attempts to keep the minor child in the State of Connecticut. The defendant has also raised the special defenses of laches, estoppel and waiver. For the reasons hereinafter set forth this court rejects the retaliation claim and the special defenses.
The defendant claimed in his testimony that in addition to the actual payments made directly to the plaintiff he also paid for sporting events, travel team expenses clothing and computer. However, the defendant offered no further evidence as to amounts and this court will not speculate as to whether such payments would justify a deviation from the presumptive child support as required by the guidelines.
The financial affidavits submitted to this court at the time of the hearing on the instant motions disclose that the plaintiff's gross and net income are $895 and $668 respectively and that of the defendant $2396 and $1,660 (adding back to the net income the $958 of 401k contributions).
The evidence showed a continuous increase in the defendant's income and assets since the original order in 1993. Further, until the motions were filed, the defendant was not entitled to deviate from the presumptive child support. On November 16, 2001, the parties entered into an agreement and stipulation which included a weekly child support amount and the basis for a deviation since the defendant must now incur substantial additional transportation expense since the child has now relocated to Florida to be with her mother.
Our Appellate Court in the case of Brent v. Lebowitz, 67 Conn. App. 527
(2002) addressed a factual situation similar to the instant case. InBrent, entered into two written agreements following the birth of their child. The agreements called for child support to be paid by the father to the mother. The child support payments agreed to were less than the CT Page 2582 presumptive child support in accordance with the child support guidelines. The Brent court made reference to Connecticut General Statutes Section 46b-215b and the regulations promulgated in connection therewith. The court held "Accordingly, support agreements that are not in accordance with the financial dictates of the guidelines are not enforceable unless one of the guidelines' deviation criteria is present . . ." 532. None of the deviation criteria set forth in the relevant guidelines applies to this case. The application of the guidelines is neither inequitable or inappropriate.
The special defenses of laches and estoppel do not apply to the facts of this case. The defendant has not shown that he was prejudiced in any way by the delay of the plaintiff in seeking an order for contempt. Further, his income and assets have substantially increased since the 1993 orders.
The court finds the defendant in contempt. However, taking into consideration the totality of the evidence the court does not find his contempt to be willful.
Counsel for the parties are ordered to compute an arrearage utilizing the best financial information available for the entire period from the date of judgment until November 16, 2001. From said amount shall be deducted the actual amounts paid by the defendant. The resulting balance, if any, shall be paid by the defendant to the plaintiff at the rate of 20% of the current support. The court retains jurisdiction.
BY THE COURT
John R. Caruso, J.