[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Carole H. Spivey, has filed a motion (#236) to modify the unallocated alimony and child support awarded by this court on July 2, 1998. The judgment of dissolution incorporated a separation agreement between the parties, also dated July 2, 1998, which established a formula for calculating unallocated alimony and child support.
The separation agreement in section 2.1 provided that the defendant husband would pay "unallocated alimony and child support in an amount equal to the difference between the [plaintiff] wife's gross income from employment and that sum equal to 50% of the combined gross income from employment of both the husband and the wife." The parties included in their separation agreement an example of this calculation by providing that if the plaintiff wife's "gross income from all sources of employment" was $50,000 a year, and the defendant husband's similar income was $100,000, one half or 50% of the combined total of $150,000 would be $75,000. Thus, the defendant husband in that example would pay the plaintiff the difference between one half "of the combined gross income of both parties and the plaintiffs gross income from employment." The defendant would therefore owe the plaintiff wife the sum of $25,000 a year, representing the difference between her gross income, $50,000, and one half or 50% of the parties' combined gross income.
General Statutes § 46b-86 (a) provides in pertinent part that unless the decree of dissolution prohibits modification, an order of alimony and support may be modified "by a showing of a substantial change in the circumstances of either party." (Emphasis added.) However, in this case, the decree and agreement prohibited modification with one exception because the parties in section 2.4 agreed that the unallocated alimony and support "shall not be modifiable by either party or by the court for any reason whatsoever except in the event either party has a substantial decrease in income."
Thus, the issue is whether the plaintiff has proved a substantial CT Page 13487 decrease of income for either party. The plaintiff does not claim that her gross income has decreased because as a matter of fact her income has increased considerably. An examination of the financial affidavits submitted by the parties indicates that at the time of the dissolution, the plaintiff wife's "gross income from all sources of employment" was $897 per week, or $3,857 a month. The current financial affidavit filed in connection with the plaintiff's pending motion to modify indicate that the her "gross income from all sources of employment" is now $4,450 a month.
The plaintiff's motion for modification is based on an alleged substantial decrease in the defendant's income. The onus to prove the existence of a substantial change in the circumstances is on the party seeking modification. See Crowley v. Crowley, 46 Conn. App. 87, 91,699 A.2d 1029 (1997).
The defendant husband's gross income when the parties were divorced was $2,092 per week, $8,995 per month. According to his current affidavit, the defendant's gross monthly income decreased from $8,995 to $7,142 month. Thus, the plaintiff has failed to prove a substantial decrease in her former husband's gross income from employment. Furthermore, it seems illogical to order a husband, who is now making less money than in 1998, to pay more alimony and support to his former spouse who is currently earning more than she previously did at the time of dissolution. One would think that it would be the defendant who would be seeking a modification based on a decrease of his income, but apparently the defendant agreed that his income had not decreased substantially enough to warrant modification. It is now the plaintiff who is in a better financial situation than she was at the time of divorce seeking to rewrite the separation agreement because her former husband is now making less money.
The plaintiff also contends that the Child Support Guidelines require an upward modification of the money she receives from her former husband because "the final order for child support substantially deviates from the Child Support Guidelines." See General Statutes § 46b-215b
regarding the necessity of considering these guidelines in fixing the amount of child support. The guidelines are based on "combined net weekly income." The current affidavits indicate that the plaintiff's income is approximately $800 a week and the defendant nets $1,287, a combined net income of approximately $2,100, which on the schedule calls for support in the amount of $500 a week. This is the equivalent of roughly $2,000 a month which the defendant represented he is currently paying to the plaintiff as unallocated alimony and support. of the total due for child support of $500, the defendant is obliged to pay 60%, or $300 a week, CT Page 13488 $1,300 a month, and he is currently paying more than that amount.
In the second place, the parties agreed in their separation agreement that the unallocated alimony and support could be modified only upon a substantial decrease in gross monthly income from employment. Amodio v.Amodio, 56 Conn. App. 459, 743 A.2d 1135 (2000), stands for the proposition that the parties can agree that support may not be modified at all or only under certain conditions, in this case, upon a substantial decrease in gross employment income. "Section 46b-86 (a) provides that valid, nonmodifiable portions of dissolution judgments are enforceable and recognizes that `[b]y written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. . . .' The plain language of § 46b-86 (a) also makes clear that if a decree precludes modification, to the extent that it does, no modification may be had. Here, child support in an amount deemed appropriate was agreed upon by the parties, reduced to writing, with a further agreement not to modify that amount until gross wages exceeded a particular amount, and was then approved by the court rendering the judgment of dissolution." Id., 471-72.
The plaintiff cites Brent v. Lebowitz, 67 Conn. App. 527, 533,787 A.2d 621, cert. granted, 260 Conn. 902, 793 A.2d 1087 (2002), as authority that the parents cannot agree to deviate from the Child Support Guidelines. That case, however, only reiterates that the court had failed to "substantiate its decision by making the explicit findings mandated by the guidelines, nor did it restrict its deviation to the criteria prescribed by the guidelines."
In this regard it is noted that at the time of the dissolution in 1998, Judge Tierney determined that the unallocated alimony and support more than complied with the Child Support Guidelines. "The court notes that the amount of support for the family is set forth in Article II in a fashion of unallocated alimony and support. The court has done a quick calculation as to what the child support would be based upon the circumstances set forth in the Financial Affidavit singular and finds that the amount of money that would be paid as unallocated alimony and child support in Article 2.1 of the agreement is clearly in comportment with the protection of the interest of the minor child and exceeds the amount of the Child Support Guidelines."
In effect, Judge Tierney decided that even if the guidelines were not strictly complied with, a deviation was justified under the criteria of section 46b-215a-3 (b) (5) of the Regulations of Connecticut State Agencies regarding coordination of total family support. The net result, CT Page 13489 in other words, was that the two children benefitted from the agreement and order pertaining to unallocated alimony and support.
Therefore, the plaintiffs motion for modification is denied because support is nonmodifiable by reason of the separation agreement and decree, except for one circumstance which has not ensued, i.e., the defendant's gross income from employment has not decreased in an amount sufficient to warrant modification, and also because the defendant is currently paying the proper amount under the guidelines.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of October, 2002.
William B. Lewis, Judge (T.R.) CT Page 13490