[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION #119
The Mother, Kara Aldrich, moves to modify the child support obligation of the Defendant father, Joseph Gilberto, entered pursuant to a dissolution Judgment on December 19, 1999. At the time of dissolution, no child support was payable to either party. Although not specifically stated, presumably the deviation occurred as a result of the parties' agreement to deviate because they enjoyed shared custody of the minor child. Subsequently, the parties modified the parenting plan, although they continue to enjoy shared custody. This matter was referred by the Superior Court to determine the issue of child support.
Facts
At the time the original Order entered, providing that neither party pay the other child support, the mother claimed a net monthly income of $120. See, Fee Waiver Application, dated July 19, 1999. The Court file contains no additional financial information relating either to the Mother's financial circumstances or relating to the Father's circumstances in 1999.
Based upon testimony of both parties, neither party has experienced a substantial change in financial circumstances. The Mother was then, and is now, working various odd jobs, including dog grooming, bartending and seasonal landscaping. The Mother provided vague testimony concerning the number of hours she worked at her various jobs. Much of her income is received in cash payments. She claims that she is able to work only part-time, flexible hours in order to raise her two other children (ages 17 and 13), in addition to this child. She does receive $55. per week in child support for her other two children. In 1999, and continuing, the Mother receives food stamps and has the minor child on the HUSKY Plan. She also receives unemployment compensation when laid off from her CT Page 782 landscaping job.
The Father is employed by the same employer and has received a $0.60 per hour raise since 1999 ($24 per week based upon 40 hours per week).
Both parties claim that they incur additional expenses to maintain shared custody of the minor child. Both claim that the other has reduced expenses as a result of the shared custody. Both argue that the other has an earning capacity greater than the reported actual earnings.
A child support guidelines worksheet was filed in Court. However, it is not signed and does not reflect the mothers reported income from her financial affidavit. Attached to this Decision is a Guidelines Worksheet based upon the parties' reported income. See, Exhibit "A". The total presumptive support obligation is $144 per week. The Mother's presumptive obligation is $52 per week; the Father's presumptive obligation is $92. per week.
Findings
The original Judgment entered in 1999, based upon the parties' agreement, did not find a presumptive calculation of child support. The 1999 Judgment does not specify that an application from the Guidelines would be inequitable or inappropriate, or that a deviation from the Guidelines is warranted based upon any of the deviation criteria set forth in the Regulations. Accordingly, a determination of the parties' child support obligations is appropriate. Brent v. Lebowitz,67 Conn. App. 527 (2002).
A deviation from the guidelines is permitted, but not required, when a shared custodial relationship exits. Palmer v Deweese, 2002 Ct. Sup. 4499
(April 15, 2002, Gruendel, J.). To warrant a deviation, the shared custody relationship must, "substantially reduce the custodial parent's expenses or substantially increase the noncustodial parent's expenses, and [there] are sufficient funds remaining for the parent receiving support to meet the child's basic needs." Id, citing Child SupportGuidelines, Section 46b-215a-3(b) (6) (A).
The Father has submitted credible evidence to support a finding of increased expense to him as a result of the shared custody arrangement. In addition, the Mother experiences a decrease in financial expenses as a result of the shared custody. There is sufficient evidence to support a deviation in the Father's presumptive weekly support obligation of $92. Further, based upon the best interests of the child, it would be inequitable and inappropriate under the specific facts to apply the CT Page 783 presumptive obligation. A deviation would allow sufficient funds remaining to the Mother to meet the child's basic needs, and more.
The Father shall pay the sum of $20. (twenty dollars) per week in child support. The Order is to be secured by an immediate wage execution. This Order is effective January 10, 2003.
 ___________________ Linda T. Winbey dated: January 6, 2003 Family Support Magistrate
Guidelines Worksheet attached as Exhibit "A"
 STATE OF CONNECTICUT COMMISSION FOR CHILD SUPPORT GUIDELINES WORKSHEET for the Connecticut Child Support and Arrearage Guidelines
Mother Father Custodian
Karen Joseph Joseph Joseph MOTHER FATHER
OTHER CUSTODIAN
Court Hartford F.S.M. D.N. Case No. 99-0720441 Number of Children [1]
Name of Child Date of Birth Name of Child Date of Birth
Summer 2-2-97
I. NET INCOME (Weekly amounts) Karen Joseph
1. Gross income (attach verification) $223 $454
 2. Federal income tax (allowable exemptions, deductions credits) (17) 30
 2a. Eliminate refundable earned income credit on line 2 0 0
 3. State and local income tax (allowable exempt, deductions, cr) 0 1
4. Social Security tax 14 28 CT Page 784
4a. Mandatory retirement 0 0
5. Medicare tax 3 7
6. Health insurance premiums (other than child) 0 0
7. Mandatory union dues or fees 0 0
 8. Non-arrearage payments — court ordered alimony child support 0 0
 9. Imputed support obligation for qualified child 0 0 (Current spt all children/total children X # qualified children)
10. Sum of lines 2-9 $0 $66
11. Net Income (line 1 minus line 10) $223 $388
 II. CURRENT SUPPORT
12. Combined net weekly income (rounded to nearest $10) $610
13. Basic child support obligation (from schedule) $144
14. Check here if noncustodial parent is a low-income obligor
15. Child's health insurance premium
16. Total current spt obligation (line 13 minus noncustodial parent's line 15 amount if line 14 is checked — line 13 + line 15 total for all other cases) $144
17. Each parent's share of line 12 (If line 14 is checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18) 36.39% 63.61%
18. Each parent's share of the total current support obligation (line 17 times line 16 for each parent) $52 $92 CT Page 785
19. Health insurance premium adjustment $0
20. Social Security dependency benefits adjustment $0
21. Sum of lines 19 and 20 (for each parent) $0
22. Presumptive current support amounts $92
23. Recommended current support order (Noncustodial parent only. If different from line 22 amount, explain on line 47) $92
D.N. Case No. 99-0720441 Joseph Karen Joseph
III. UNREIMBURSED MEDICAL EXPENSE $0 $0
24. Net disposable income (line 11 plus line 23 for custodial parent; line 11 minus line 23 for noncustodial) $315 $296
25. Each parent's share of combined net disposable income (each parent's line 24 divided by sum of line 24 amounts) 51.55% 48.45%
IV. CHILD CARE CONTRIBUTION
26. Qualifying costs (enter contribution amount on line 43) $0 $0
V. ARREARAGE
27. Delinquencies on current support orders $0
28. Unpaid court-ordered arrearages 0
29. Support due for periods prior to support action (not court-ordered) 0
30. Total arrearages $0
VI. ARREARAGE PAYMENT
31. Current support order from line 23 (or imputed support obligation if there is CT Page 786 no current support order or child is living with the obligor) $0
32. 20% of line 31 $0
 — (if line 14 is checked, skip line 32 and go to line 37)
 — (if the child for whom the arrearage is owed is deceased, emancipated, or over 18, skip line 32 and go to line 39)
 — (if the child is living with the obligor, skip lines 33-39 and:
 (1) if the obligor's gross income is not more than 250% of poverty level enter $1 on line 40; OR
 (2) if the obligor's gross income is greater than 250% of poverty level, enter line 32 amount on line 40)
33. Obligor's line 11 amount $0
34. 55% of line 33 0
35. Line 34 minus line 31 0
36. Lesser of line 32 or line 35 (Enter here and on line 40 and skip lines 37-39) 0
37. 10% of line 31 0
38. Greater of line 37 or $1 (Enter here and on line 40) 0
39. 50% of line 31 (Enter here and on line 40) 0
40. Recommended arrearage payment $0 (If different from line 45, explain on line 47)
VII. ORDER SUMMARY
41. Current support order $92 CT Page 787
42. Unreimbursed medical expense order $0
43. Child care contribution $0
To State To Family
44. Total arrearage $0 $0
45. Arrearage payment order $0 $0
46. Total child support award: $92
 VIII. DEVIATION CRITERIA
47. Reasons for deviation from presumptive support amounts and/or arrearage guideline:
 Prepared By Title of Preparer Date Prepared L. Wihbey F.S.M. 12/02
 STATE OF CONNECTICUT COMMISSION FOR CHILD SUPPORT GUIDELINES WORKSHEET for the Connecticut Child Support and Arrearage Guidelines
Mother Father Custodian
Karen Joseph Joseph Joseph MOTHER FATHER
OTHER CUSTODIAN
Court Hartford F.S.M. D.N. Case No. 99-0720441 Number of Children [1]
Name of Child Date of Birth Name of Child Date of Birth
I. NET INCOME (Weekly amounts) Karen Joseph
1. Gross income (attach verification) $223 $454
 2. Federal income tax (allowable exemptions, deductions credits) (17) 30
2a. Eliminate refundable earned income credit on CT Page 788 line 2 0 0
 3. State and local income tax (allowable exempt, deductions, cr) 0 1
4. Social Security tax 14 28
4a. Mandatory retirement 0 0
5. Medicare tax 3 7
6. Health insurance premiums (other than child) 0 0
7. Mandatory union dues or fees 0 0
 8. Non-arrearage payments — court ordered alimony child support 0 0
 9. Imputed support obligation for qualified child 0 0 (Current spt all children/total children X # qualified children)
10. Sum of lines 2-9 $0 $66
11. Net Income (line 1 minus line 10) $223 $388
 II. CURRENT SUPPORT
12. Combined net weekly income (rounded to nearest $10) $610
13. Basic child support obligation (from schedule) $50
14. Check here if noncustodial parent is a low-income obligor YES
15. Child's health insurance premium $0 $0
16. Total current spt obligation (line 13 minus noncustodial parent's line 15 amount if line 14 is checked — line 13 + line 15 total for all other cases) $50
17. Each parent's share of line 12 (If line 14 is checked, skip this line and line 19, and CT Page 789 enter the line 16 amount in the noncustodial parent's column on line 18) 0.00% 0.00%
18. Each parent's share of the total current support obligation (line 17 times line 16 for each parent) $50 $0
19. Health insurance premium adjustment $0
20. Social Security dependency benefits adjustment $0
21. Sum of lines 19 and 20 (for each parent) $0
22. Presumptive current support amounts $50
23. Recommended current support order (Noncustodial parent only. If different from line 22 amount, explain on line 47) $50
D.N. Case No. 99-0720441 Joseph Karen Joseph
III. UNREIMBURSED MEDICAL EXPENSE $0 $0
24. Net disposable income (line 11 plus line 23 for custodial parent; line 11 minus line 23 for noncustodial) $173 $438
25. Each parent's share of combined net disposable income (each parent's line 24 divided by sum of line 24 amounts) 28.31% 71.69%
IV. CHILD CARE CONTRIBUTION
26. Qualifying costs (enter contribution amount on line 43) $0 $0
V. ARREARAGE
27. Delinquencies on current support orders $0
28. Unpaid court-ordered arrearages 0
29. Support due for periods prior to support action (not court-ordered) 0 CT Page 790
30. Total arrearages $0
VI. ARREARAGE PAYMENT
31. Current support order from line 23 (or imputed support obligation if there is no current support order or child is living with the obligor) $0
32. 20% of line 31 $0
 — (if line 14 is checked, skip line 32 and go to line 37)
 — (if the child for whom the arrearage is owed is deceased, emancipated, or over 18, skip line 32 and go to line 39)
 — (if the child is living with the obligor, skip lines 33-39 and:
 (1) if the obligor's gross income is not more than 250% of poverty level enter $1 on line 40; OR
 (2) if the obligor's gross income is greater than 250% of poverty level, enter line 32 amount on line 40)
33. Obligor's line 11 amount $0
34. 55% of line 33 0
35. Line 34 minus line 31 0
36. Lesser of line 32 or line 35 (Enter here and on line 40 and skip lines 37-39) 0
37. 10% of line 31 0
38. Greater of line 37 or $1 (Enter here and on line 40) 0
39. 50% of line 31 (Enter here and on line 40) 0 CT Page 791
40. Recommended arrearage payment $0 (If different from line 45, explain on line 47)
VII. ORDER SUMMARY
41. Current support order $50
42. Unreimbursed medical expense order $0
43. Child care contribution $0
To State To Family
44. Total arrearage $0 $0
45. Arrearage payment order $0 $0
46. Total child support award: $50
 VIII. DEVIATION CRITERIA
47. Reasons for deviation from presumptive support amounts and/or arrearage guideline:
 Prepared By Title of Preparer Date Prepared L. Wihbey F.S.M. 12/02
Essential Facts
Last Name Joseph
2002 2003 2004Enter Annual Amounts Joseph Karen Joseph Karen Joseph Karen
1 Filing Status Hd Hsld Hd Hsld Hd Hsld Hd Hsld Hd Hsld Hd Hsld
Lines 2 3 are for tax computations these do NOT impact guideline child support
2 No. of Children 0 0 0 0 0 0 Age 17 And Over CT Page 792
3 No. of Children 0 3 0 3 0 3 Under Age 17
4 Automatic Child Yes Support Calc
5 Child Support 0 0 0 0 0 0 (Current Divorce)
6 Alimony 0 0 0 0 0 0 (Current Divorce)
7 Non-Taxable 0 0 0 0 0 0 Maintenance
8 Children Residing 1 1 with (Child Spt)
9 Monthly Budget 0 0 0 0 0 0 Amount
10 Total Child Care 0 0 0 0 0 0 Expenses
No. of Children for:
11 Child Care Credit 0 0 0 0 0 0 Under Age 13
12 Earned Income Credit 0 0 0 0 0 0 Under Age 19
January 8, 2003 08:18 PM (c) Copyright 1990, 2002 by FinPlan Co. All rights reserved.
Change Input At Top Joseph Karen
Filing Status Hd Hsld Hd Hsld Automatic CS Yes No. of Children 17 and Over 0 0 Child Support 0 No. of Children Under 17 0 3 Alimony 0 Monthly Budget Amount 0 0 Non-Taxable 0 Children Residing with 1 1 Maintenance Salary from Basic Input 23,608 11,596 CT Page 793 Self-Employment Income 0 0
2002 Annual 2002 MonthlyRecalculate and Joseph Karen Total Joseph Karen See results below
After Tax Cash for Living Expense: 18,027 13,780 31,807 1,502 1,148
% of Share 57% 43% 100% Budget Cash 0 0 0 0 0 Over (Under) Budget 18,027 13,780 31,807 1,502 1,148 Wkly Cash for Spt 388 223 610 Payor's 0.00% %
Child Support Annual (2,184) 2,184 42 Per Week Adjusted Gross Income 23,608 11,596 Guideline Child Spt Tax Savings from Alimony 0 0 0 Per Week 42 Marginal Tax% Includ. State Tax 18.0% 10.0% Per Year 2,184 Taxes Saved Child Dep Exempt 0 170 170 Alimony which 0 Taxes Saved Under 17 Child Cr. 0 887 887 Meets Receiver's Budget Child Cr not Allowed 0 913 Max 2002 Alimony 15,000 No Recapture
(c) Copyright 1990, 2002 by FinPlan Co. All rights reserved. CT Page 794